[Civ. No. 15730. First Dist., Div. Two. Apr. 29, 1954.]

WILLIAM J. SULLIVAN et al., Appellants, v. RUSSELL WRIGHT et al., Respondents.

Phil F. Garvey and George Olshausen for Appellants.

Bronson, Bronson & McKinnon for Respondents.

NOURSE, P. J.—Plaintiff sued for personal injuries and property damage against Russell Wright and several fictitious defendants. More than a year after the accident plaintiffs substituted and served an amended complaint on Herman J. Cox (known as Crazy Cox) designating him as the John Doe sued in the original complaint. The trial court granted Cox's motion to strike this portion of the complaint. Judgment was thereupon entered in favor of William J. Sullivan against both Wright and Cox for the damages to plaintiff's car, in favor of Michael J. Sullivan for personal injuries against defendant Wright alone in the sum of $6,500 and against defendant Wright alone for costs of suit.

Briefly the facts are that William J. Sullivan was operating an automobile when the defendant Wright crashed into the rear of his car at a traffic stop signal, injuring the father, Michael J. Sullivan, riding in the car with William. The two plaintiffs joined in their complaint the two causes of action for personal injuries and for property damage. More than a year after the accident plaintiffs filed an amended complaint substituting Cox for John Doe as a party defendant. By demurrer, answer and by motion to strike, the defendant Cox attacked the amended complaint on the ground that it was barred by the one year statute of limitations. The motion to strike was granted.

Three primary questions are raised on the appeal:

(1) Is the defendant Crazy Cox to be deemed to have waived the plea of the one year statute of limitations by failing to demur or answer on that ground?

The question proposed by the plaintiff is not properly stated. Following the filing of the amended complaint joining for the first time Cox as a party defendant, he filed a demurrer, an answer and a motion to strike, all three pleading the bar of the statute of limitations. The demurrer and the motion to strike were heard at the same time and no objection was then made as to the manner in which the plea was made.

▮ Appellant argues that the plea of the statute of limitations cannot be raised by motion to strike. No authorities are cited as so holding. The practice was followed without comment in *Gates* v. *Wendling Nathan Co.*, 27 Cal.App.2d

307 [81 P.2d 173]; *McKnight* v. *Gilzean,* 29 Cal.App.2d 218 [84 P.2d 213] and *Day* v. *Western Loan & Bldg. Co.,* 42 Cal. App.2d 226 [108 P.2d 702].

But the point does not impress us as having substantial merit. If the order striking the complaint were reversed the demurrer would then be left pending and, in view of the authorities here cited, the trial court could do nothing but sustain the demurrer and enter judgment for defendant Cox on his plea of the statute of limitations.

(2) Does the joinder of a ''John Doe'' defendant in the original complaint within the statutory period permit the substitution of the real party defendant after the statutory period has expired?

The answer to this question must be in the negative since the original complaint did not state a cause of action against ''John Doe'' or any fictitious defendant. Hence, so far as Crazy Cox is concerned, the amended complaint states a new cause of action against Crazy Cox where none was attempted in the original complaint. The necessary form of pleading to bar the statute is clearly stated in *Day* v. *Western Loan & Bldg. Co.,* 42 Cal.App.2d 226, *supra.* There the original complaint sought recovery against the operator of the car and against the owner and the one who controlled it. It alleged that these parties were unknown to the plaintiff, and were joined as fictitious parties. The amendment merely substituted the true name of the owner for the fictitious name used in the original complaint. Here no cause of action was stated against any fictitious defendant—merely the allegation that the true name was unknown to plaintiff.

(3) Does the liability of the defendant Cox rest upon section 402 of the Vehicle Code and as such become a liability created by statute, the period for enforcement of which is three years under section 338 of the Code of Civil Procedure?

The answer must be in the negative. The precise question was before us in *Franceschi* v. *Scott,* 7 Cal.App.2d 494, 495 [46 P.2d 764], where we said: ''The owner's liability under section 1714¼ of the Civil Code is a liability for imputed negligence arising from his permission to another, express or implied, to operate the car causing the injury. The cause of action is strictly and solely one in tort for injuries arising out of the negligence of the operator; hence the cause accrues at the time of the negligent act. And no matter what form of language we use, the cause of action is one 'for the injury

to . . . one caused by the wrongful act or neglect of another' within the express terms of subdivision 3 of section 340.''

The case was cited with approval in *Aetna Cas. etc. Co.* v. *Pacific Gas & Elec. Co.*, 41 Cal.2d 785, 787 [264 P.2d 5].

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.