[S. F. No. 20690.   In Bank.   Sept. 11, 1961.]

HARRY E. AUSTIN et al., Plaintiffs and Appellants, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY, Defendant and Respondent.

Johnson & Harmon and Robert H. Johnson for Plaintiffs and Appellants.

Weinstock, Anderson, Maloney & Chase and Harold J. Chase for Defendant and Respondent.

GIBSON, C. J.—Certain of the plaintiffs appeal from a judgment entered in favor of defendant Massachusetts Bonding and Insurance Company after its general demurrer to an amended complaint was sustained without leave to amend.

Plaintiffs on September 19, 1957, brought an action against Pacific States Securities Corporation, some of its officers, and certain defendants sued under fictitious names, to recover securities and moneys. The complaint, without making any distinction between those sued by their true names and those designated by fictitious names, alleged that "defendants" acted as brokers and agents for plaintiffs and refused to deliver securities and moneys which they had received on behalf of plaintiffs. It was also alleged that defendants, in making a license application on behalf of Pacific, "filed therewith surety bond in the sum of $5,000 for the faithful performance of its duties as a licensed broker" and that defendants and

each of them held out and represented that defendant Bunce had power to act for Pacific and that "they, the said defendants," were duly licensed to act as brokers. Plaintiffs averred that they did not know the true names of the defendants sued under fictitious names, and leave was asked to amend the complaint to show the true names when discovered.

The amended complaint was filed with leave of court on October 8, 1959. It repeats substantially the allegations of the original complaint as to the plaintiffs who have appealed, substitutes Massachusetts Bonding for one of the defendants designated by a fictitious name, alleges that Massachusetts Bonding executed the surety bond, makes the bond a part of the pleading, and adds allegations of fraudulent conduct by Bunce and of negligence by other officers of Pacific. The bond provides that any person who sustains an injury covered by it may bring an action on the bond within two years from the time the act or default complained of occurred.[1]

The position of Massachusetts Bonding is that the action against it is barred because the amended complaint, which for the first time named it as a party, was filed more than two years after the rights of plaintiffs accrued. Plaintiffs contend that the action against the bonding company must be regarded as having been commenced by the original complaint, which was filed within the two-year period. Although Massachusetts Bonding relies on the contractual limitation, authorities concerning the statute of limitations are applicable by analogy.

Where a complaint sets forth, or attempts to set forth, a cause of action against a defendant designated by fictitious name and his true name is thereafter discovered and substituted by amendment, he is considered a party to the action from its commencement so that the statute of limitations stops running as of the date of the earlier pleading. (*Hoffman* v. *Keeton,* 132 Cal. 195, 196-197 [64 P. 264]; *Farris* v. *Merritt,* 63 Cal. 118, 119; *Day* v. *Western Loan & Bldg. Co.,* 42 Cal.App.2d 226, 231 et seq. [108 P.2d 702]; see *Stanley* v. *Kawakami,* 127 Cal.App.2d 277, 278 [273 P.2d 709]; *Sullivan* v. *Wright,* 124 Cal.App.2d 836, 838 [269 P.2d 671]; *Kolodziejski* v. *Hover,* 124 Cal.App.2d 731, 733 [269 P.2d 163]; *Gates* v. *Wendling Nathan Co.,* 27 Cal.App.2d 307, 314 et seq. [81 P.2d 173].) In the original complaint a

---

[1]Section 25703 of the Corporations Code, which requires the filing of a bond by applicants for a broker's certificate, contains a similar provision.

cause of action was stated against the defendant designated by fictitious name in whose place Massachusetts Bonding was later substituted, but the character of the legal obligation of Massachusetts Bonding alleged in the amended complaint is different from that set forth in the original complaint. The first complaint alleged that the ''defendants'' (which necessarily included those designated by fictitious names) were brokers for plaintiffs and refused to deliver securities and moneys to which plaintiffs were entitled. There was no allegation that any of the defendants executed the surety bond or that any of them was being sued as a surety rather than as a principal. Thus the action against the fictitiously named defendant who subsequently was replaced by Massachusetts Bonding was one for refusal to deliver property as a principal, whereas in the amended complaint Massachusetts Bonding was sued as surety on the bond. The decisive question is whether under these circumstances the amendment relates back to the original complaint for purposes of the statute of limitations.

The modern rule with respect to actions involving parties designated by their true names in the original complaint is that, where an amendment is sought after the statute of limitations has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general set of facts. (*Eichler Homes of San Mateo, Inc.* v. *Superior Court* (1961), 55 Cal.2d 845, 847 [13 Cal.Rptr. 194, 361 P.2d 914]; *Brooks* v. *E. J. Willig Truck Transp. Co.* (1953), 40 Cal.2d 669, 681 [255 P.2d 802]; *Wennerholm* v. *Stanford University School of Medicine* (1942), 20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358]; *Stockwell* v. *McAlvay* (1937), 10 Cal.2d 368, 375 [74 P.2d 504].) This rule is the result of a development which, in furtherance of the policy that cases should be decided on their merits, gradually broadened the right of a party to amend a pleading without incurring the bar of the statute of limitations.

Some early cases held that an amendment stating any new cause of action could not relate back and that a plaintiff could not amend so as to change the legal theory of his action. (*Hackett* v. *Bank of California* (1881), 57 Cal. 335, 336; *Anderson* v. *Mayers* (1875), 50 Cal. 525, 527.) Subsequent cases held that a mere change in legal theory would not prevent an amendment from relating back but that an amendment

would not relate back if it set forth "a wholly different cause of action," i.e., "a wholly different legal liability or obligation." (*Wells* v. *Lloyd* (1936), 6 Cal.2d 70, 88 [56 P.2d 517]; *Frost* v. *Witter* (1901), 132 Cal. 421, 424 et seq. [64 P. 705, 84 Am.St.Rep. 53]; *cf. Klopstock* v. *Superior Court* (1941), 17 Cal.2d 13, 19 et seq. [108 P.2d 906, 135 A.L.R. 318].) In the *Klopstock* case it was unnecessary to consider whether the right of a party to amend should be further broadened, since we held that the amendment there involved was proper under the "wholly different cause of action" test. This test was referred to in *Wennerholm* v. *Stanford University School of Medicine* (1942), 20 Cal.2d 713, 717-718 [128 P.2d 522, 141 A.L.R. 1358], but after setting forth the modern rule permitting relation back of amendments based on the same general set of facts, the opinion concluded that no different cause of action was stated where the amendment did not essentially change the factual situation upon which recovery was predicated. The later cases of *Eichler Homes of San Mateo, Inc.* v. *Superior Court* (1961), 55 Cal.2d 845 [13 Cal.Rptr. 194, 361 P.2d 914], and *Brooks* v. *E. J. Willig Truck Transp. Co.*, (1953), 40 Cal.2d 669 [255 P.2d 802], rely solely on the modern rule without mentioning the older test.

The rule which makes relation back of an amendment dependent upon whether recovery is sought on the same general set of facts as those alleged in the original complaint is in accordance with the basic principle of code pleading that a litigant need only allege the facts warranting recovery. (*County of Santa Clara* v. *Hayes Co.*, 43 Cal.2d 615, 619 [275 P.2d 456]; *California W.S.L. Ins. Co.* v. *Tucker*, 15 Cal.2d 69, 71 [98 P.2d 511]; see Clark on Code Pleading (2d ed. 1947) pp. 717-718.) The results required by this rule may be reached under the "wholly different cause of action" test by interpreting the term "cause of action" as referring to the facts upon which the rights of action are based rather than the rights or obligations arising therefrom (see Clark on Code Pleading, *supra*, p. 731), but the term has been used so often to mean legal liability or obligation that its use in connection with the problem of relation back of amendments results in confusion and undue restrictions of the right to amend. It should be noted that subdivision (c) of rule 15 of the Federal Rules of Civil Procedure, which adopts the modern rule, does not use the term "cause of action" and

thus avoids the danger of narrow construction. (See Clark on Code Pleading, *supra*, p. 732.)[2]

In the present case the original complaint and the amended complaint allege the same defalcations by Pacific and its officers with respect to plaintiffs' securities and moneys, and these defalcations constitute the grounds for the action on the bond added by the amended complaint. Both pleadings are thus based on the same general set of facts, and the existence of a bond for the faithful performance of Pacific's duties as a broker was also alleged from the outset. Had Massachusetts Bonding been sued by its true name in the original complaint, the amendment changing the character of its obligation from that of a principal to that of a surety would have related back for purposes of the statute of limitations. The fact that it was initially designated by a fictitious name does not warrant a different result. The right of a plaintiff to use a fictitious name where he is ignorant of the defendant's true name is one conferred by statute (Code Civ. Proc., § 474), and it has long been recognized that the purpose of the provision is to enable such a plaintiff to bring suit before it is barred by the statute of limitations and that this procedure does not subject the defendant to undue hardship.[3] (*Irving* v. *Carpentier*, 70 Cal. 23, 26 [11 P. 391].)

As we have seen, it is settled that a defendant sued by a fictitious name and later brought into the case by an amendment substituting his true name is considered a party to the action from its commencement for purposes of the statute of limitations. A defendant unaware of the suit against him by a fictitious name is in no worse position if, in addition to substituting his true name, the amendment makes other changes in the allegations on the basis of the same general set of facts. And of course, as to a defendant who knows that he has been designated by a fictitious name in the original complaint, application of the modern rule does

[2]Subdivision (c) of rule 15 of the Federal Rules of Civil Procedure provides that whenever the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading." (28 U.S.C.A., rule 15, subd. (c).)

[3]Section 474 of the Code of Civil Procedure provides: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly. . . ."

not affect him differently from a defendant designated by his true name. █ When, on the other hand, the problem is approached from the point of view of a plaintiff who did not know the defendant's true name at the time the original complaint was filed, it is obvious that he has at least as great a need for the liberality of amendment permitted by the modern rule as a plaintiff who knew the defendant's name throughout, and he should not be penalized merely because he was compelled to resort to his statutory right of using a fictitious name. █ The policy in favor of litigating cases on their merits is equally applicable whether a defendant is sued by a fictitious name or by his true name, and that policy is of particular importance in the present case, where the bond forming the basis of the alleged liability of Massachusetts Bonding is required by statute for the protection of the public. (Corp. Code, § 25703.)

The judgment is reversed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.