[Civ. No. 31194. Second Dist., Div. Five. Apr. 1, 1968.]

MARIAN E. SCHROETER et al., Plaintiffs and Appellants, v. HILDA LOWERS, Defendant and Respondent.

John J. Gottes for Plaintiffs and Appellants.

Early, Maslach, Foran & Williams and Charles E. Nutt for Defendant and Respondent.

STEPHENS, J.—This appeal is from the order granting defendant's motion for summary judgment and dismissing the complaint.

The ground of the decision was that the action alleged was barred by the statute of limitations, Code of Civil Procedure, section 340.[1]

The original complaint was filed December 16, 1964, and alleged in substance that on December 20, 1963, the plaintiff Schroeter was the driver and occupant of a motor vehicle; that she was stopped on Vincent Avenue at or near the intersection of Walnut Creek Parkway in the City of West

---

[1]Code of Civil Procedure, section 340 provides that an action for injury to person must be brought within one year of the happening of the said injury.

Covina; that plaintiff Fenenbock was a passenger in the auto with plaintiff Schroeter; that at the said time and place, defendant Patricia Ann Calvert drove a vehicle in such a negligent manner so as to cause it to collide with the vehicle in which plaintiffs were occupants; that plaintiffs were injured.

In addition to the causes of action (one for each plaintiff) specifically naming Calvert the defendant and alleging her negligence, Does I, II, and III were named defendants. Except for the listing paragraph naming the Does as defendants, there is no allegation of negligence of any Does.

On February 3, 1965, an amendment to the complaint (under Code Civ. Proc. § 474) was filed and granted, inserting the name "Hilda Lowers" as defendant Doe I.

On June 15, 1965, plaintiffs moved to correct the name of the defendant "Patricia Ann Calvert" to the true name of Hilda Lowers. ■■ ■■■ ■ A document purporting to be an affidavit[2] was filed the same day over the signature of plaintiffs' attorney, in support of the motion. The document states: "That at said time and place the motor vehicle being driven in a careless, reckless and negligent manner by a female *adult*[3] person struck the motor vehicle being therein occupied by the plaintiffs causing the property damage and personal injuries as set forth in the complaint heretofore filed. . . . [¶] That an investigation of the facts surrounding this matter indicated that the name of the female adult driver of the aforesaid vehicle that struck the plaintiffs was Patricia Ann Calvert and subsequently a complaint for property damage and personal injuries was drawn naming said person as Patricia Ann Calvert. [¶] That subsequent to the filing of said action it was determined that the true name of the aforesaid driver and operator of said motor vehicle was not Patricia Ann Calvert but Hilda Lowers. [¶] That said complaint should be amended to correct the name of the defendant from Patricia Ann Calvert to Hilda Lowers. . . ." The amendment as prayed for was ordered.

On June 18, 1965, a "First Corrected Complaint" was filed, setting forth the name Hilda Lowers in place and stead of Patricia Ann Calvert; the allegations concerning Does I,

---

[2]The document denoted "Affidavit" and filed in support of the motion to amend is not an affidavit or a declaration under oath. Where an amendment offered to to a pleading is not in writing and there is no verification of the facts referred to in it, leave to amend is within the discretion of the court. (*Todhunter* v. *Klemmer*, 134 Cal. 60 [66 P. 75].)

[3]The emphasis has been added by us for subsequent reference.

II, and III remained unchanged from the original complaint.

The record indicates (by allegation contained in a petition and order for appointment of guardian ad litem) that service of summons and complaint was obtained upon Hilda Lowers on September 8, 1965.

On October 11, 1965, a demurrer to the First Corrected Complaint was filed on behalf of Hilda Lowers. This demurrer urged that the action was barred by the statute of limitations (Code Civ. Proc., § 340). Also urged in the demurrer was that there was another action pending between the same parties for the same cause, and that the complaint failed to allege a cause of action against defendant. In support of this demurrer, a declaration by defense counsel and copies of complaint and answer to another case, No. 851,690 (Los Angeles Superior Court), were filed. The declaration alleges that case No. 851,690 was filed December 30, 1964, and answer filed February 16, 1965, thereby joining the issue.

On October 21, 1965, the demurrer was overruled without prejudice.

On October 22, 1965, an answer was filed on behalf of Hilda Lowers setting forth affirmative defenses to the action, as well as general denials of the allegations therein. One of the defenses was that each cause of action of the complaint was barred by the provisions of Code of Civil Procedure, section 340.

On November 15, 1965 a motion for summary judgment and dismissal supported by memorandum of points and authorities and declaration of Hilda Lowers under penalty of perjury was filed upon said ground. In the declaration by Lowers, it is disclosed that the accident giving rise to the litigation was one involving three vehicles: one containing plaintiffs, one being driven by Calvert, and one being driven by Lowers. This declaration then attested to the fact that plaintiffs had full knowledge of Calvert as an existing person separate and distinct from Lowers. After a continuance of hearing from December 9 to December 23, 1965, a minute order of dismissal was entered. The record discloses that at no time prior to the ruling on the motion for summary judgment and dismissal was there any opposition to the motion filed by plaintiffs, and no document filed in the form of affidavit or declaration, or otherwise.

Petition for reconsideration was filed with supporting points and authorities, and a declaration under penalty of perjury executed by attorney for plaintiff. This motion was denied, and formal order of dismissal filed May 2, 1966.

The motion for summary judgment was properly before the court. Appeal filed July 1, 1966 was timely.

Code of Civil Procedure, section 437c reads as follows: "In superior courts and municipal courts if it is claimed the action has no merit, or that there is no defense to the action, on motion of either party, after notice of the time and place thereof in writing served on the other party at least 10 days before such motion, supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out or the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact. A judgment so entered is an appealable judgment as in other cases. . . .

"The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto.

"The affidavit or affidavits in opposition to said motion shall be made by the plaintiff or defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the party has a good and substantial defense to the plaintiff's action (or to a portion thereof) or that a good cause of action exists upon the merits. The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. When the party resisting the motion appears in a representative capacity, such as a trustee, guardian, executor, administrator, or receiver, then the affidavit in opposition by such representative may be made upon his information and belief."

As noted, no opposition to the motion for summary judgment was filed. Failure of a party to file counter-affidavits does not of itself entitle the moving party to summary judgment. (*Taliaferro* v. *Taliaferro*, 179 Cal.App.2d 787 [4 Cal.Rptr. 689].) Such failure to file counter-affidavits admitted the truth of movant's declaration, but did not relieve movant from the burden of establishing evidentiary facts of every element necessary to entitle him to judgment.

(*Brewer* v. *Reliable Automotive Co.*, 240 Cal.App.2d 173 [49 Cal.Rptr. 498]; *Pacific Inter-Club Yacht Assn.* v. *Richards*, 192 Cal.App.2d 616 [13 Cal.Rptr. 730].)

We have heretofore referred to the "affidavit" filed in support of the plaintiffs' motion to correct the name of the defendant from Calvert to Lowers. By the presence of this document in the file, plaintiffs were not relieved from filing counter-affidavits. As was stated in *Cone* v. *Union Oil Co. of Cal.*, 129 Cal.App.2d 558, 563 [277 P.2d 464], "the failure to file counteraffidavits cannot be remedied by resort to pleadings." *Donnachie* v. *East Bay Regional Park Dist.*, 217 Cal.App.2d 172 [31 Cal.Rptr. 611] is authority for the rule that hearsay statements do not suffice for competent averments under oath or their equivalent. To the same effect is *Michelman* v. *Frye*, 238 Cal.App.2d 698, 702 [48 Cal.Rptr. 142].

The determination by the trial court to grant the summary judgment, based on defendant's averments in the supporting declarations, was proper. Following that determination, however, plaintiffs sought a reconsideration of the ruling on the motion for summary judgment. A declaration was filed under penalty of perjury in support of this motion. In this declaration, plaintiffs' attorney incorporated by reference the so-called "affidavit" in support of his motion to correct the name of defendant. The motion to reconsider was denied.

Section 474 of the Code of Civil Procedure provides in part as follows: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . ."

The purpose of this section is to help a plantinff who truly does not know the name of someone against whom he states a cause of action, in order to prevent the running of the statute of limitations. (*Lipman* v. *Rice*, 213 Cal.App.2d 474, 478 [28 Cal.Rptr. 800].) This lack of knowledge of the true name of a defendant must be real and not feigned, and must not be wilful ignorance, or such as might be removed by some inquiry or resort to information easily accessible. (*Stephens* v. *Berry*, 249 Cal.App.2d 474, 477 [57 Cal.Rptr. 505]; *Herschfelt* v. *Knowles-Raymond etc. Co.*, 130 Cal.App.2d 347 [279 P.2d 104]; *Mercantile Trust Co.* v. *Stockton Terminal*

*etc. Co.,* 44 Cal.App. 558 [186 P. 1049]; *Rosencrantz* v. *Rogers,* 40 Cal. 489.)

On December 30, 1964, defendant Hilda Lowers was known by plaintiffs to be a party involved in the accident for which plaintiffs sought damages. On that date plaintiffs filed action No. 851,690 naming Lowers a defendant. This case was at issue on the filing of Lowers' answer on February 16, 1965. One of the defenses raised by that answer was the statute of limitations. To the credit of counsel for plaintiffs, he noted correctly that between the date of the accident and the date of filing action No. 851,690, a year and ten days passed. Faced with the inevitable Waterloo of the statute of limitations, plaintiffs, on February 3, 1965, amended the *Schroeter* v. *Calvert* complaint, naming Lowers as the therein pleaded Doe I, but again correctly determined that they had accomplished nothing by this amendment, for no cause of action had been originally pleaded against the Does in that action. The next steps plaintiffs sought to take required clearing the hurdle of misnomer of defendant against whom a cause of action had been pleaded. The "affidavit" sought to support the motion to clear the hurdle. Plaintiffs stumbled from the first effort of their jump by failing to declare any fact under oath or penalty of perjury. This was not fatal, but the declaration of facts therein contained establishes beyond question that it was the intention of plaintiffs to name as defendant an *adult* female driver. The *adult* female driver involved was in fact Patricia Ann Calvert. The description in the "affidavit" of "*adult*[4] female driver" distinguishes Calvert from the defendant Lowers, who is a minor. The mistake of naming Calvert as defendant was not a mistake of identity, and the substitution of Lowers in the place and stead of Calvert was an effective dismissal of defendant Calvert and an ineffectual resurrection of a cause of action against Lowers. (*Stephens* v. *Berry, supra,* 249 Cal.App.2d 474 at p. 478.)

The judgment is affirmed.

Kaus, P. J., and Aiso, J. pro tem.,* concurred.

---

[4]Emphasis supplied.

*Assigned by the Chairman of the Judicial Council.