[Civ. No. 13526. Fourth Dist., Div. Two. June 26, 1974.]

LUCILLE BARNES et al., Plaintiffs and Appellants, v.
WILBUR WILSON et al., Defendants and Respondents.

## COUNSEL

Hayton & Peach, Arthwell C. Hayton and Marshall Miles for Plaintiffs and Appellants.

Thompson & Colegate, Bruce Morgan and Herbert F. Blanck for Defendants and Respondents.

## OPINION

**TAMURA, J.**—This is a wrongful death action by the heirs of a victim of a stabbing which occurred at the Golden Gloves Tavern in Yucaipa. The original complaint named as defendants the owners of the Golden Gloves and Does I to V. After the one-year statute of limitations had run, defendants Theodore and Phyllis Noyd, owners of the Copper Door Tavern, were substituted for Does II and III. The Noyds' demurrer to the fourth amended complaint was sustained without leave to amend on the ground the action was barred as to them by the statute of limitations. Plaintiffs appeal from the ensuing judgment of dismissal.

The procedural background leading to the present appeal is as follows:

The first amended complaint alleged that the owners of the Golden Gloves and Doe I, their employee, negligently failed to warn patrons of the unreasonable risk created by the presence of the assailant and negligently failed to provide protection for their patrons. It contained the following allegations with respect to the Doe defendants: "That the true names or capacities, whether individual, corporate, associate or otherwise of defendants, DOES I through V are unknown to plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a Doe is negligently responsible in some manner for the events and happenings herein referred to, and negligently caused injuries and damages proximately thereby to plaintiff as herein alleged; and plaintiff will ask leave of the Court to amend this complaint to show their true names and capacities when same have been ascertained."[1]

Almost a year after the one-year statute had run, plaintiffs filed an amendment pursuant to Code of Civil Procedure section 474 substituting

[1] The paragraph is the form recommended in California Civil Procedure Before Trial (Cont. Ed. Bar 1957) page 336.

defendants Theodore and Phyllis Noyd for Does II and III.[2] The Noyds' demurrer to the first amended complaint was sustained without leave to amend and a judgment of dismissal was entered. Plaintiffs appealed from the judgment and pursuant to stipulation of the parties, the judgment was reversed without prejudice to defendants' right to raise the defense of statute of limitations as an affirmative defense. (4 Civil 12093.)

Following issuance of the remittitur the Noyds answered and raised the affirmative defense of the statute of limitations. Thereafter they demurred to the first amended complaint on the ground it failed to state a cause of action. The demurrer was sustained and plaintiffs filed a second amended complaint in which they added allegations that the Noyds were the owners of the Copper Door; the assailant was at the Copper Door on the day of the stabbing and while there became excessively intoxicated, was loud and boisterous, brandished a knife and constituted a danger to himself and to others; notwithstanding the assailant's condition, the Noyds continued to serve him alcoholic beverages; as a proximate result of the Noyds' negligence in continuing to furnish intoxicating beverages to the assailant, plaintiffs sustained damages as alleged in the complaint.

The Noyds' demurrers to the second and third amended complaints on grounds the complaints failed to state a cause of action and the action was barred by the statute of limitations were sustained with leave to amend. Plaintiffs filed a fourth amended complaint to which the Noyds demurred on the same grounds and that demurrer was sustained without leave to amend. Plaintiffs appeal from the ensuing judgment of dismissal.

■ The sole issue is whether the amendment seeking to allege a cause

---

[2]Code of Civil Procedure section 474 provides: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; provided, that no default or default judgment shall be entered against a defendant so designated, unless it appears that the copy of the summons or other process, or, if there be no summons or process, the copy of the first pleading or notice served upon such defendant bore on the face thereof a notice stating in substance: 'To the person served: You are hereby served in the within action (or proceedings) as (or on behalf of) the person sued under the fictitious name of (designating it).' The certificate or affidavit of service must state the fictitious name under which such defendant was served and the fact that notice of identity was given by endorsement upon the document served as required by this section. The foregoing requirements for entry of a default or default judgment shall be applicable only as to fictitious names designated pursuant to this section and not in the event the plaintiff has sued the defendant by an erroneous name and shall not be applicable to entry of a default or default judgment based upon service, in the manner otherwise provided by law, of an amended pleading, process or notice designating defendant by his true name."

of action against the Noyds for negligently furnishing alcoholic beverages to the assailant at the Copper Door related back to the date of the filing of the original complaint, thereby avoiding the bar of the statute of limitations.[3]

■ The purpose of the fictitious name statute (Code Civ. Proc., § 474) is to enable plaintiff to commence suit in time to avoid the bar of the statute of limitations where he is ignorant of the identity of the defendant. The statute should be liberally construed to accomplish that purpose. (*Austin* v. *Massachusetts Bonding & Insurance Co.,* 56 Cal.2d 596, 602-603 [15 Cal.Rptr. 817, 364 P.2d 681]; *Motor City Sales* v. *Superior Court,* 31 Cal.App.3d 342, 345 [107 Cal.Rptr. 280].)

Under the earlier cases, where a timely filed complaint failed to state a cause of action against a defendant designated by a fictitious name, an amendment to do so after the statutory period would not relate back to the date of the filing of the original complaint. (*Williams* v. *Goodman,* 214 Cal.App.2d 856, 861-862 [29 Cal.Rptr. 877]; *Stanley* v. *Kawakami,* 127 Cal.App.2d 277, 278 [273 P.2d 709]; *Sullivan* v. *Wright,* 124 Cal. App.2d 836, 838 [269 P.2d 671]; *Gates* v. *Wendling Nathan Co.,* 27 Cal. App.2d 307, 314-315 [81 P.2d 173]; 3 Witkin, Cal. Procedure (2d ed.) § 1073, pp. 2649-2650.) The current view, first enunciated in *Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d 596, 600, is that the amendment will relate back to the date of filing of the original complaint if it seeks recovery on the same general set of facts as those alleged in the original complaint. The *Austin* court reasoned that a defendant sued by a fictitious name and later brought into the case by an amendment substituting his true name is considered a party from its commencement; as to a named party where an amendment is sought after the statute has run, the amended complaint will be deemed filed as of the date of the original complaint provided recovery is sought in both pleadings on the same general facts; a defendant unaware of a suit against him by a fictitious name is in no worse position if, in addition to substituting his true name, the amendment makes other changes in the allegations based on the same general facts; and from the point of view of the plaintiff, he has at least as great a need for liberality in amendment as a plaintiff who knew the defendant's name throughout. Thus, under *Austin,* the test is no longer whether a new cause of action is stated but whether recovery is sought on the same general facts. (*Grudt* v. *City of Los Angeles,* 2 Cal.3d 575, 583 [86 Cal.Rptr. 465, 468 P.2d 825]; *Wilson* v. *Bittick,* 63 Cal.2d

---

[3]Defendants do not attempt to support the order sustaining the demurrer on any ground other than that the action was barred by the statute of limitations.

30, 37-38 [45 Cal.Rptr. 31, 403 P.2d 159]; *Breceda* v. *Gamsby,* 267 Cal.App.2d 167, 170 [72 Cal.Rptr. 832]; *Garrett* v. *Crown Coach Corp.,* 259 Cal.App.2d 647, 650-651 [66 Cal.Rptr. 590]; 3 Witkin, Cal. Procedure, *supra,* §§ 1080-1082, pp. 2656-2662.)

Whether an amendment states a cause of action based on "the same general set of facts" as alleged in the original complaint is often a close question. However, recent decisions have liberally construed a plaintiff's right to amend his pleadings without incurring the bar of the statute of limitations so that cases may be decided on their merits. In *Grudt* v. *City of Los Angeles, supra,* 2 Cal.3d 575, 584, the original complaint named two police officers of the City of Los Angeles as defendants in a wrongful death action. After the expiration of the one-year statutory period, plaintiff sought to amend by stating a cause of action against the city alleging that the city was liable for negligently retaining the officers after it knew or should have known that they were prone to violence. The Supreme Court reversed the trial court order striking the amendment, stating both the count against the officers and the count against the city "recite the same acts by [the officers] as the gravamen of the action, and recovery is sought in both counts to compensate plaintiff for the loss of her husband." (At p. 584.)

In *Garrett* v. *Crown Coach Corp., supra,* 259 Cal.App.2d 647, cited with approval in *Grudt,* plaintiff brought an action to recover damages for injuries sustained when his vehicle was struck by a school bus. The complaint named two school districts, two named defendants and several Doe defendants. The named defendants were charged with negligently maintaining and operating the bus so as to cause it to strike plaintiff's vehicle. Substantially the same allegations as in the case at bench were made with respect to the fictitious defendants. After the one-year statutory period had run, plaintiff filed an amended complaint substituting the Crown Coach Corp. for Doe I and alleging a cause of action against it for the *negligent design and manufacture of the school bus.* The reviewing court reversed a judgment of dismissal following an order sustaining Crown Coach's demurrer based on the statute of limitations. The court held that the case was governed by the principle enunciated in *Austin,* stating: "In the case at bench plaintiff is seeking to hold Crown legally responsible for the same accident and the same injuries referred to in the original complaint. The amendment changes the alleged obligation of 'Doe One' from that of an operator to that of a manufacturer. This is no more drastic than the change of theory reflected by the amendment in *Austin.*" (At p. 651.)

In the case at bench, just as in *Grudt* v. *City of Los Angeles, supra,* 2 Cal.3d 575, and *Garrett* v. *Crown Coach Corp., supra,* 259 Cal. App.2d 647, plaintiffs' fourth amended complaint seeks to hold the Noyds responsible for the same occurrence and damage alleged in the original complaint. The amendment alleging a cause of action against the Noyds for negligently contributing to the dangerous behavior of the assailant is no more drastic than the amendment in *Grudt* alleging a cause of action against the city for allegedly retaining the officers with known propensities for violence, or the amendment in *Garrett* alleging a cause of action against the bus company for negligent design and manufacture.

Defendants refer to the fact that the original complaint did not contain an allegation that the assailant was intoxicated, much less excessively intoxicated. The allegation of excessive intoxication in the amended complaint merely added an incidental fact reasonably inferable from the facts alleged in the original complaint and did not result in a statement of "a significantly distinct cause of action." (See *Grudt* v. *City of Los Angeles, supra,* 2 Cal.3d 575, 584.)

Until *Vesely* v. *Sager,* 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151], was decided on June 24, 1971, California adhered to the common law rule that a vendor of alcoholic beverages could not be held liable for furnishing such beverages to a customer who, as a result of being intoxicated, injured third persons. (*Cole* v. *Rush,* 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137], and cases there cited.) The original complaint in the case at bench was filed on October 29, 1970, some eight months before the *Vesely* v. *Sager* decision. Even if plaintiffs had known the identity of the Noyds at the time they filed their original complaint, they could not have then known of the existence of a cause of action against them. The phrase "when the plaintiff is ignorant of the name of a defendant" in Code of Civil Procedure section 474 has not been interpreted literally. The plaintiff is deemed "ignorant of the name" if he knew the identity of the person but was ignorant of facts giving him a cause of action against the person (*Hollister Canning Co.* v. *Superior Court,* 26 Cal.App. 3d 186, 197-198 [102 Cal.Rptr. 713]; *Oakes* v. *McCarthy Co.,* 267 Cal. App.2d 231, 253-254 [73 Cal.Rptr. 127]; *Breceda* v. *Gamsby, supra,* 267 Cal.App.2d 167, 174; *Garrett* v. *Crown Coach Corp., supra,* 259 Cal.App.2d 647, 650), or knew the name and all the facts but was unaware that the law gave him a cause of action against the fictitiously named defendant and discovered that right by reason of decisions rendered after commencement of the action. (*Johnson* v. *Goodyear Tire & Rubber Co.,* 216 Cal.App.2d 133, 137-139 [30 Cal.Rptr. 650]. See *Motor City Sales* v. *Superior Court, supra,* 31 Cal.App.3d 342, 347-348.) Plaintiffs filed

amendments substituting the Noyds for the fictitious defendants (pursuant to Code Civ. Proc. § 474) within approximately six months after the *Vesely* v. *Sager* decision. Consequently, plaintiffs cannot be said to have slept on their rights. To permit plaintiffs to amend their complaint to state a cause of action against the Noyds will allow the case to be decided on its merits without undermining the policy against assertion of stale claims.

We conclude that the trial court erred in sustaining the Noyds' demurrer on the basis of the statute of limitations. In view of our conclusion, it is unnecessary to deal with plaintiffs' remaining contentions.

Judgment is reversed.

Kerrigan, Acting P. J., and Kaufman, J., concurred.

The petition of respondents Noyd for a hearing by the Supreme Court was denied August 21, 1974.