[Civ. No. 45815. Second Dist., Div. Two. Dec. 14, 1976.]

EMILIE SCHERER, Plaintiff and Appellant, v.
HOWARD L. MARK, Defendant and Respondent.

**COUNSEL**

Cohen & Barak and Frederick Barak for Plaintiff and Appellant.

Kirtland & Packard and Robert C. Baker for Defendant and Respondent.

**OPINION**

**BEACH, J.**—Plaintiff appeals from a summary judgment entered in favor of defendant Dr. Howard Mark. The motion for summary judgment was based on the action being barred by the statute of limitations (Code Civ. Proc., § 340.5).[1]

---

[1]The word "section" followed by a number, throughout this opinion refers to the California Code of Civil Procedure.

Plaintiff allegedly was injured on or about October 23, 1971, while a patient at defendant Memorial Hospital of Southern California (Hospital). On June 14, 1972, she filed a complaint for personal injuries against Hospital and "Does I through XXX, inclusive." It was alleged that "each of the Defendants designated herein as a Doe is in some manner responsible for the events and happenings hereinafter alleged." The complaint further alleged that defendants "negligently and carelessly treated Plaintiff in that they failed to follow a standard of care in common practice . . . in the care and treatment of Plaintiff's condition" including watching over her while she was taking a bath and providing plaintiff with a safe place to take a bath, knowing that she was handicapped and under medication; that as a result she fell and was injured.

On December 5, 1973, an amendment was made to insert the name of Howard Mark, M.D., in the complaint for the fictitiously named Doe I. A general demurrer by defendant Mark was sustained with leave to file an amended complaint. Thereafter, on March 8, 1974, a first amended complaint was filed. The first cause of action was the same as that in the original complaint. A second cause of action, against Dr. Mark and Does 26, 27 and 28, was added; plaintiff alleged "defendants . . . so negligently prescribed instructions and drugs and bathroom privileges and related treatment and so negligently treated and cared for plaintiff in that plaintiff was caused to and did suffer . . . injuries and damages." "As a proximate result of plaintiff's reliance, confidence and trust reposed by plaintiff in said defendant physicians, plaintiff did not discover the negligent prescribing of drugs and negligent prescribing of instructions for her care and bathroom privileges until on or about November 6, 1973."

An answer was filed to the first amended complaint on April 1, 1974. Dr. Mark alleged affirmative defenses of contributory negligence and the statute of limitations. The motion for summary judgment, based on the ground that the complaint is barred by the statute of limitations, was supported by Dr. Mark's declaration. He declared "That pursuant to my instruction, the plaintiff, Emilie Scherer, was hospitalized at Memorial Hospital of Southern California on October 13, 1971 and discharged on October 23, 1971. That as early as October 29, 1971, I received a letter from an attorney of the law firm of Cohen & Barak requesting to look at medical records of the within plaintiff. That subsequent to 1971 I never saw the plaintiff . . . nor did I render any care or treatment to her."

Frederick Barak, attorney for plaintiff, declared that he sent a letter to Dr. Mark on or about November 4, 1971.[2] That letter advised Dr. Mark that Emilie Scherer sustained injuries as a "result of a slip and fall accident" at Memorial Hospital and asked for a "medical report . . . including your observations and the medical history with reference to the above fall." According to Barak's declaration, "This office did not receive the medical report from Dr. Mark as requested." It was known that Dr. Mark had hospitalized plaintiff, and that he was not physically present in the hospital when the accident occurred. Only after "the depositions of Aldhea Florence and Wilhelimina Leboff, taken November 6, 1973," was "a decision . . . made to amend the complaint and bring Dr. Mark in as a defendant." The declaration contains an obvious nonsequitur, but purports to claim that "the exact basis for the negligence of Dr. Mark did not become exactly apparent until the two depositions were [taken]."

The court granted Dr. Mark's motion for summary judgment.

CONTENTIONS ON APPEAL:

Appellant contends:

1. An amendment pursuant to section 474 is proper after a year has passed if the plaintiff knows of the identity of a defendant but was ignorant of facts giving rise to a cause of action.

2. The statute of limitations has been tolled by the failure of respondent to disclose acts or errors or omissions upon which appellant could state a cause of action.

3. The summary judgment should not have been granted because of two triable issues of fact: (1) when appellant knew or should have discovered the acts, errors or omissions of respondent, and (2) whether the statute of limitations has been tolled by respondent's failure to make disclosure.

4. The respondent as moving party on the motion for summary judgment did not sustain his substantive burden affirmatively to disprove a material allegation of plaintiff's complaint.

---

[2]The difference in the dates October 29 and November 4 is not significant. The exhibit copy of the letter is dated November 4.

We reject appellant's contentions and we affirm the judgment.

DISCUSSION:

1. *The Statute of Limitations.*

The statute of limitations "[i]n an action for injury or death against a physician or surgeon . . . based upon such person's alleged professional negligence, . . . or for error or omission in such person's practice, [is] four years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever first occurs. This time limitation shall be tolled for any period during which such person has failed to disclose any act, error, or omission upon which such action is based and which is known or through the use of reasonable diligence should have been known to him." (§ 340.5.) ■ It is undisputed that plaintiff discovered the injury on the date of its occurrence. Thus the one-year provision of the statute applies to her action.

2. *The effect of the "John Doe" amendment under section 474.*

The original complaint was filed within one year of the date of the alleged injury. But Dr. Mark was not named in place of defendant DOE I until after the one-year period had passed, and the second cause of action in the first amended complaint was added still later. Nonetheless, plaintiff asserts that under section 474 the naming of Dr. Mark in place of JOHN DOE I resulted in Dr. Mark being a properly named defendant. Section 474 provides in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, . . . and such defendant may be designated . . . by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . ." Plaintiff argues that the purpose of section 474 "is to enable plaintiff to commence suit in time to avoid the bar of the statute of limitations where he is ignorant of the identity of the defendant [and that] should be liberally construed to accomplish that purpose . . . ." (*Barnes* v. *Wilson,* 40 Cal.App.3d 199, 203 [114 Cal.Rptr. 839].)

At bench the original complaint alleged defendants "negligently and carelessly treated Plaintiff in that they failed to follow a standard of care in common practice . . . in the care and treatment of plaintiff's condition" including watching over her while she was taking a bath and

providing her with a safe place to take a bath. Thus, there were seemingly sufficient charging allegations against the hospital and its employees, the defendants who were named DOE. (Cf. *Schroeter* v. *Lowers,* 260 Cal.App.2d 695, 697 [67 Cal.Rptr. 270].)

■ Even though the original complaint correctly pleaded a cause of action against *unknown* Does, plaintiff did not meet the statutory requirements of section 474 with reference to respondent, Dr. Mark. She was not ignorant of the true name or identity of Dr. Mark.

The undisputed facts[3] are that the defendant Mark was known to plaintiff at the time of the filing of her original complaint. She well knew her own doctor, that he directed her to the hospital and prepared for her admission. When filing her original complaint plaintiff alleged that the true names of all Doe defendants were unknown. The conclusion from these facts is that in her original complaint plaintiff intentionally omitted to name Dr. Mark as a defendant whether by his true name or fictitiously as a Doe. Nonetheless plaintiff's counsel purported to "amend" the original complaint by using a prepared form wherein he declared: "Upon filing the complaint herein, plaintiff being ignorant of the true name of a defendant, and having designated said defendant in the complaint by a fictitious name, to wit: DOE I, and having discovered the true name of said defendant to be HOWARD MARK, M.D. hereby amends his complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint." These allegations were not true. Ignorance of the true name of the defendant should not be feigned. (*Lipman* v. *Rice,* 213 Cal.App.2d 474 [28 Cal.Rptr. 800]. *Schroeter* v. *Lowers, supra,* 260 Cal.App.2d 695.) The words of section 474 are unequivocal.

Plaintiff seeks to escape the clear language of section 474 and the bar of the statute of limitations to her tardy, attempted "John Doe amendment." She relies on language of *Barnes* v. *Wilson, supra,* 40 Cal.App.3d 199 at page 205 that "The phrase 'when the plaintiff is ignorant of the name of a defendant' in Code of Civil Procedure section 474 has not been interpreted literally. The plaintiff is deemed 'ignorant of the name' if he knew the identity of the person but was ignorant of facts giving him a cause of action against the person . . . ." We question

---

[3]Dr. Mark's motion for summary judgment was based on his declarations, *and* ". . . the pleadings, records and files. . ." which include the answers to interrogatories all of which were in the file. We have examined all that part of the file which was before the court upon the motion.

the need to "interpret" the unequivocal words of section 474. Moreover, our reading of the authority cited for that proposition adds to our doubt. Nevertheless, accepting arguendo that statement in *Barnes,* it is unavailable to plaintiff. Ignorance of the *facts* giving rise to a cause of action, like ignorance of the true name, should be real and not feigned. (See *Lipman* v. *Rice, supra,* 213 Cal.App. 474, *Herschfelt* v. *Knowles-Raymond, etc. Co.,* 130 Cal.App.2d 347 [279 P.2d 104], *Breceda* v. *Gamsby,* 267 Cal.App.2d 167 [72 Cal.Rptr. 832], *Schroeter* v. *Lowers, supra,* 260 Cal.App.2d 695.) Here plaintiff knew all of the basic facts constituting her alleged cause of action when she first filed her original complaint. The attempt to file an amendment under section 474 should be honest and in good faith. The question of the plaintiff's good faith in this regard is for the determination of the trial court. (*Day* v. *Western Loan & Bldg. Co.,* 42 Cal.App.2d 226 [108 P.2d 702], *Breceda* v. *Gamsby, supra.*) The pivotal question in this regard is "did plaintiff know *facts?*" not "did plaintiff know or believe that she had a cause of action based on those facts?" (See *Austin* v. *Massachusetts Bonding & Insurance Co.,* 56 Cal.2d 596 at p. 601 [15 Cal.Rptr. 817, 364 P.2d 681].) Nowhere in any pleadings or declarations did plaintiff ever say what *new facts* she discovered, albeit she made a general conclusionary allegation in her amended complaint that the defendant Mark negligently prescribed drugs and instructions for her care, and that because of her trust and confidence in her doctor, defendant Mark, she did not discover the asserted negligence until November 6, 1973. This pleading is a sham and is belied by the record which shows that the prescribed medicine and care was set forth in the hospital records existing and available to plaintiff on the day of injury! Moreover there is no honest assertion of any fact that the prescribed care or drugs were in fact wrong or mistakenly given. Plaintiff was not ignorant of any facts giving her a cause of action.

### 3. *The abandonment of the "John Doe amendment."*

In her original complaint plaintiff named as defendants the hospital and "Does I through XXX, inclusive" only. Her purported amendment attempted to substitute defendant Dr. Mark in place of "Doe I." As to that original complaint Dr. Mark's general demurrer was sustained. Plaintiff then filed an entirely new pleading—the first amended complaint. The first amended complaint named as defendants Hospital, "Does 1 through 30, inclusive" *and* Dr. Mark. Nowhere in the title or in any allegation was any effort made to name or designate Dr. Mark as a

previously named defendant either as a fictitious Doe or by his true name. Nor was he named as one of the *new* Doe defendants. He was named as a *new* defendant. In the first amended complaint the first cause of action was the same as in the original complaint and referred only to the hospital and its employees Does 1 through 20. Dr. Mark was not named or included as a defendant therein. It was only the second cause of action that referred to and was alleged against defendant Mark (and Does 26 through 30.) Therefore there is no issue as to whether or not the previous John Doe amendment allowed by section 474 causes the pleading to "relate back" to the time of filing the original complaint. ■ The amended complaint did not "relate back." For these additional reasons there was no tolling of the one-year statute of limitations. The amended complaint was altogether a new complaint as to defendant Dr. Mark, by plaintiff's own choice of pleading.

The matter at bench differs significantly from the many other cases where late amendments alleging new causes of action have been allowed. Earlier cases allowed such amendments against defendants named in the original complaint. Later cases allowed the bringing in of new defendants in place of fictitious Doe defendants. Such amendments have been allowed where the new pleading is on the same general set of facts and related back to the defendant named originally by his true name or by the name of Doe. None of the cases allowing the amendment involve the situation present here, where plaintiff dealt directly with and knew the identity of and capacity of her own doctor from the outset, discovered no new facts, and abandoned any effort to sue defendant Mark as one previously sued by fictitious name. (See and compare *Austin* v. *Massachusetts Bonding & Insurance Co., supra,* 56 Cal.2d 596; *Barnes* v. *Wilson, supra,* 40 Cal.App.3d 199; *Oakes* v. *McCarthy Co.,* 267 Cal.App.2d 231 [73 Cal.Rptr. 127]; *Johnson* v. *Goodyear Tire & Rubber Co.,* 216 Cal.App.2d 133 [30 Cal.Rptr. 650]; *Vincent* v. *Grayson,* 30 Cal.App.3d 899 [106 Cal.Rptr. 733]; *Grudt* v. *City of Los Angeles,* 2 Cal.3d 575 [86 Cal.Rptr. 465, 468 P.2d 825]; *Garrett* v. *Crown Coach Corp.,* 259 Cal.App.2d 647 [66 Cal.Rptr. 590].)

Where no effort has been made to allege a cause of action against a fictitiously named Doe defendant, an amendment purporting to state a new cause of action against such Doe defendant in his true name will be barred if filed after the expiration of the statute of limitations. (*Williams* v. *Goodman,* 214 Cal.App.2d 856 [29 Cal.Rptr. 877].) It seems equally reasonable that the same bar should apply to a new but tardy action

where no effort is made to identify the newly named defendant as one of those named as Doe in the original complaint.

4. *The use of summary judgment procedure.*

A summary judgment is proper to eliminate sham and baseless claims and pleadings. Upon motion for the summary judgment the trial court had before it sufficient undisputed facts to enable it to make a determination if there was a genuine cause of action or if the action was barred. Plaintiff discovered the slip and fall on the date it occurred. Defendant was not present and did not treat plaintiff after her hospitalization in 1971. There was no stated error or omission. Hence there was no failure to disclose any error or omission. The medical information available to plaintiff on the date of the alleged "discovery of the basis of defendant Mark's negligence" was the same information available to plaintiff on the date of injury and continuously thereafter.

When put to the test to raise a triable question of fact, plaintiff completely failed to disclose any disputed facts. Plaintiff's only response was that after the depositions of two nurses were taken, a decision was made to bring in Dr. Mark as a defendant. Plaintiff asserted a conclusionary reason that "the exact basis of [Dr. Mark's] negligence did not become exactly apparent until the two depositions were taken on November 6, 1973." That statement is not an assertion of the existence of a fact giving rise to a cause of action. That statement does not say what if any new fact was discovered through the deposition. It does not say that the defendant Mark concealed any such fact. That statement shows only that after the taking of the deposition plaintiff changed her mind and decided to sue Dr. Mark. From the day of the accident plaintiff knew defendant's identity and the facts upon which she based her purported cause of action against him. She failed to show that defendant Mark concealed or failed to disclose any facts.

The summary judgment did not determine any fact question of negligence. The trial court did not decide if any particular treatment or prescription of drugs or treatment was within the standard of medical care. The court ruled only that plaintiff, who sought to avoid the bar of the statute of limitations, failed to disclose by affidavit, declaration, or other proper statement, any fact which would justify the tolling of the statute of limitations. It was the burden of plaintiff at least to explain what facts existed that tolled the statute.

From the pleadings and declarations it is manifest that the one-year provision of the statute of limitation was not tolled. ■ The policy behind the statute of limitations is equally as meritorious a consideration as is the policy of trying cases upon their merits. (31 Cal.Jur.2d, Limitation of Actions, §§ 2, 3, pp. 428-429; 2 Witkin, Cal. Procedure (2d ed.) § 225, p. 1083; *Elkins* v. *Derby*, 12 Cal.3d 410, 417 [115 Cal.Rptr. 641, 525 P.2d 81].)

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.