[Civ. No. 16980. Fourth Dist.. Div. One. Apr. 16. 1979.]

SONIA MUNOZ, Plaintiff and Appellant, v.
EVERETT K. PURDY, Defendant and Respondent.

944

**COUNSEL**

Miller, Boyko & Bell, Terry D. Harper and Robert K. Schraner for Plaintiff and Appellant.

Ault, Midlam & Reynolds, Douglas R. Reynolds, David J. Danielsen, Holt, Rhoades & Hollywood and Larry A. Shoffner for Defendant and Respondent.

**OPINION**

**WIENER, J.—** ▉ We are asked to decide in this appeal whether the trial court properly interpreted and applied Code of Civil Procedure section 474[1] in granting Everett K. Purdy's motion for summary

---

[1] All references are to the Code of Civil Procedure unless otherwise specified.

Section 474 provides in pertinent part: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint, or the affidavit if the action is commenced by affidavit, and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . . ."

judgment based upon the one-year statute of limitations (§ 340.5). For the reasons which we will discuss, we conclude the trial court used an erroneous standard in holding that the plaintiff was charged with not only her actual knowledge at the time she filed suit, but information that she could have obtained upon the exercise of reasonable diligence which would have enabled her to file suit against Dr. Purdy in a timely fashion. We reverse the judgment of dismissal.

Defendant Everett K. Purdy, M.D. (Purdy), a board-certified orthopedic surgeon, performed foot surgery on the plaintiff Sonia Munoz on February 16, 1973, at the Paradise Valley Hospital. Shortly after her surgery, she was taken to the radiology department of the hospital for a chest X-ray. She was asked to stand for the X-ray and fainted. She then began to suffer severe headaches and on March 1, complained to Purdy of her symptoms. She consulted counsel on or about March 16, 1973, at which time she believed she had been a victim of medical malpractice. Her records at the Paradise Valley Hospital were copied on March 30, 1973, pursuant to written authorization signed by her on March 26, 1973. Her action for medical malpractice was filed on January 7, 1974; Purdy was not specifically named as a defendant. He was substituted for Doe I on May 22, 1975. Plaintiff appeals from the judgment of dismissal which was entered after Purdy's motion for summary judgment was granted.

The applicable statute of limitations affecting the plaintiff's action for medical malpractice is contained in section 340.5. She had one year after she discovered, or through the use of reasonable diligence should have discovered, the injury for which she sought damages. ■ As used in section 340.5, the word "injury" means both the physical condition and its negligent cause. (*Sanchez* v. *South Hoover Hospital* (1976) 18 Cal.3d 93, 99 [132 Cal.Rptr. 657, 553 P.2d 1129].) The plaintiff believed, on or about March 16, 1973, that she was the victim of medical malpractice. If she had deferred filing her complaint until May 22, 1975, the one-year statute of limitations would have been an effective bar to her complaint against all defendants, including Purdy. ■ Possession of "presumptive" as well as "actual" knowledge will commence the running of the statute of limitations. " '[Where] the plaintiff has notice or information of circumstances to put a reasonable person *on inquiry,* or *has the opportunity to obtain knowledge* from sources open to his investigation . . . the statute commences to run.' " (*Id.,* at p. 101.)

Plaintiff contends Purdy may not assert the one-year period under section 340.5 because when her action was timely filed, she was ignorant

of his name within the meaning of section 474. ■ A plaintiff ignorant of the identity of a party responsible for damages may name that person in a fictitious capacity, a Doe defendant, and that time limit prescribed by the applicable statute of limitations is extended as to the unknown defendant. A plaintiff has three years under section 581a, subdivision (a)[2] after the commencement of the action to discover the identity of the unknown defendant and effect service of the complaint. (*Rumberg* v. *Weber Aircraft Corp.* (C.D.Cal. 1976) 424 F.Supp. 294, 297.) When the complaint is amended to substitute the true name of the defendant for the fictional name, the defendant is regarded as a party from the commencement of the suit, provided the complaint has not been amended to seek relief on a different theory based on a general set of facts other than those set out in the original complaint. (*Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600 [15 Cal.Rptr. 817, 364 P.2d 681]; *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 583 [86 Cal.Rptr. 465, 468 P.2d 825]; *Wilson* v. *Bittick* (1965) 63 Cal.2d 30, 37-38 [45 Cal.Rptr. 31, 403 P.2d 159]; *Breceda* v. *Gamsby* (1968) 267 Cal.App.2d 167, 170 [72 Cal.Rptr. 832]; *Garrett* v. *Crown Coach Corp.* (1968) 259 Cal.App.2d 647, 650-651 [66 Cal.Rptr. 590].) ■ The statute (§ 474) must be liberally construed to enable a plaintiff to avoid the bar on the statute of limitations where he is ignorant of the identity of the defendant. (*Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199, 203 [114 Cal.Rptr. 839].) "[T]he phrase "when the plaintiff is ignorant of the name of a defendant" in Code of Civil Procedure section 474 has not been interpreted literally. The plaintiff is deemed "ignorant of the name" if he knew the identity of the person but was ignorant of the facts giving him a cause of action against the person [citations], or knew the name and all the facts but was unaware that the law gave him a cause of action against the fictitiously named defendant and discovered that right by reason of decisions rendered after the commencement of the action.' " (*Marasco* v. *Wadsworth* (1978) 21 Cal.3d 82, 88 [145 Cal.Rptr. 843, 578 P.2d 90], citing *Barnes* v. *Wilson, supra,* 40 Cal.App.3d 199, 205.)

A plaintiff should not be permitted to name a known defendant in a fictitious manner hoping to surprise a defendant by reviving "claims that

[2]Section 581a, subdivision (a), provides: "No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

have been allowed to slumber until evidence has been lost, memories have faded and witnesses have disappeared." (*Elkins* v. *Derby* (1974) 12 Cal.3d 410, 417 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839], quoting from *Telegraphers* v. *Ry. Express Agency* (1944) 321 U.S. 342, 348-349 [88 L.Ed. 788, 792, 64 S.Ct. 582].) Section 474, however, does not relate to the steps which should be taken after the filing of the action; it is restricted to the knowledge of the plaintiff at the time of filing of the complaint. (*Mishalow* v. *Horwald* (1964) 231 Cal.App.2d 517, 521-522 [41 Cal.Rptr. 895].) Presumedly, the statutory scheme involving sections 340.5, 474 and 581a, subdivision (a), which places a limit of three years after the filing of the action to identify and serve all defendants including the unknown defendant, has been a satisfactory compromise between the harsh effect on a plaintiff of the statute of limitations and the unfairness to a defendant of attempting to litigate a stale claim.

The lack of knowledge of the true name of a defendant, however, must be "real and not feigned." (*Schroeter* v. *Lowers* (1968) 260 Cal.App.2d 695, 700 [67 Cal.Rptr. 270].) A plaintiff must actually be ignorant of the facts giving him a cause of action against a defendant. "Ignorance of the facts is the critical issue, and whether it be due to misinformation or negligence is not relevant." (*Breceda* v. *Gamsby, supra,* 267 Cal.App.2d 167, 174-175; see also *Hoffman* v. *Keeton* (1901) 132 Cal. 195 [64 P. 264]; *Irving* v. *Carpentier* (1886) 70 Cal. 23 [11 P. 391].)

Defendant urges that the standard which must be used in analyzing section 474 is not only that the lack of knowledge of defendant's true name be real and not feigned, but that knowledge which might be obtained "by some inquiry or resort to information easily accessible" should be considered in assessing whether plaintiff *should have known* defendant's identity. (*Schroeter* v. *Lowers, supra,* 260 Cal.App.2d 695, 700; see also *Wallis* v. *Southern Pac. Transportation Co.* (1976) 61 Cal.App.3d 782, 786 [132 Cal.Rptr. 631].) We disagree. We cannot follow the dicta of *Schroeter* in view of Supreme Court authority cited above to the contrary and their progeny including *Breceda* v. *Gamsby, supra,* 267 Cal.App.2d 167; *Garrett* v. *Crown Coach, Corp., supra,* and *Mishalow* v. *Horwald, supra,* 231 Cal.App.2d 517, 524. If we were to accept Purdy's argument, the applicable standard for section 340.5 would be merged with that of section 474. The reasonable diligence required of a plaintiff would continue both before and after the filing of a complaint up to the expiration of the applicable limitation period—a result contrary to case law and at variance with the statutory scheme. Moreover, the interjection of a discovery standard into section 474 would lead to the harmful

practice in all litigation of requiring that all persons who might conceivably have some connection with the lawsuit be specifically named in order to avoid the sanctions of the failure to comply with the inquiry requirements of section 474.

The trial court, in granting Purdy's motion for summary judgment, expressly stated that it was not making a finding based upon the declarations that plaintiff knew Purdy's identity under section 474, as the word "identity" has been amplified, but rather, through the exercise of reasonable diligence, that information could have been obtained within the one-year period. We have concluded the standard applied by the trial court was incorrect.

The judgment is reversed.

Brown (Gerald), P. J., and Ehrenfreund, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 14, 1979.

---

*Assigned by the Chairperson of the Judicial Council.