[No. G001649. Fourth Dist., Div. Three. Sept. 6, 1985.]

JAMES WAYLAND ROWLAND, SR., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
DONALD ZAPPIA et al., Real Parties in Interest.

COUNSEL

Patrick William Coyle for Petitioner.

No appearance for Respondent.

Cummings, Kemp & Meyers and Mark J. Meyers for Real Parties in Interest.

OPINION

WALLIN, J.—David Rowland was electrocuted on June 16, 1981, in the pool area of the Desert Inn Motel. On June 4, 1982, the original complaint

was filed against Desert Inn Motel, Aqua Slide and Dive and Harvey Hubbell, Inc.

Three of the original twelve causes of action are in the name of the father, James Rowland, Sr., as plaintiff: the first against Desert Inn based on premises liability, the second and third against Hubbell and Aqua Slide on a products liability theory. All are predicated on the damages he claimed for wrongful death, delineated on the form cover complaint: "Plaintiff claims general damages for the loss of care, comfort, companionship, society and support of said decedent, together with special damages for funeral and burial expense."[1]

In 1984 Rowland sought to add counts 13, 14 and 15, alleging he personally witnessed the death and claiming damages for physical and mental distress against each defendant. Leave to amend was granted April 2. On May 24 the court sustained, without leave to amend, the demurrer of Desert Inn[2] to the 13th, 14th and 15th causes of action pursuant to Code of Civil Procedure section 340, subdivision (3).

 Rowland contends his three causes of action alleging negligent infliction of emotional distress (*Dillon* v. *Legg* (1968) 68 Cal.2d 728 [69 Cal.Rptr. 72, 441 P.2d 912, 29 A.L.R.3d 1316]) properly relate back to the filing of his original complaint. He claims recovery in both pleadings is based on the same general set of facts and the amendments merely change the theory of recovery. His interpretation of existing law is correct and its application to the facts of this case requires reversal of the trial court's ruling.

Because Rowland filed his amended complaint more than one year after the incident causing the injury, his mental distress causes of action are barred by the statute of limitations unless they can be deemed to relate back to his original complaint. (Code Civ. Proc., § 340, subd. (3); *Dominguez* v. *City of Alhambra* (1981) 118 Cal.App.3d 237 [173 Cal.Rptr. 345].) He relies on the well-established policy of liberally allowing amendments to avoid the bar of the statute of limitations where the recovery sought in both pleadings is based on the same general set of facts. (*Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121]; *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575 [86 Cal.Rptr. 465, 468 P.2d 825]; *Austin* v. *Massachusetts Bonding & Insur-*

---

[1] The fourth through twelfth counts entitled "General Negligence," were brought by the decedent's three minor siblings. Each count alleged the child witnessed the death and suffered physical and mental distress.

[2] Hubbell's demurrer was similarly sustained.

*ance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681]; *Hirsa* v. *Superior Court* (1981) 118 Cal.App.3d 486 [173 Cal.Rptr. 418].)

That policy has been applied in a long line of cases. In *Austin* v. *Massachusetts Bonding & Insurance Co.*, *supra*, 56 Cal.2d 596, the plaintiff originally sued a Doe defendant for failure to deliver a bond as a principal. His amendment substituted Massachusetts Bonding for the Doe and claimed it was liable as a surety on the bond. The court held the amendment related back to the date of the original complaint, stating: ". . . the original complaint and the amended complaint allege the same defalcations by [defendant] and its officers with respect to plaintiffs' securities and moneys, and these defalcations constitute the grounds for the action on the bond added by the amended complaint. Both pleadings are thus based on the same general set of facts . . . ." (*Id.*, at p. 602.)

Desert Inn contends the amendment is not based on the same general set of facts because it seeks a different recovery based on different injuries. It argues the measure of damages for wrongful death is separate and distinct from damages for emotional distress, citing *Smeltzley* v. *Nicholson Mfg. Co.*, *supra*, 18 Cal.3d 932 and *Hirsa* v. *Superior Court, supra*, 118 Cal.App.3d 486. In *Smeltzley*, a mill worker sued his employer for physical injuries resulting from unsafe working conditions. He was later allowed to amend to allege a cause of action against the manufacturer of the machine that injured him. And in *Hirsa*, plaintiff added a negligent entrustment cause of action to his original complaint for physical injury based on negligent driving. In each case, the court emphasized that the amendment involved the same accident and the *same injuries* referred to in the original complaint.

However, we think Desert Inn is confusing the concept of "injury" with the concept of "damages." In discussing the relation back of an amendment after the statute has run, courts have talked about the "primary right" theory of a plaintiff's injury. (See 4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, §§ 23-25, pp. 66-69.) In *Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212 [36 Cal.Rptr. 537], the court allowed the relation back of an amendment adding a fraud cause of action to a complaint alleging negligence and intentional tort by a physician. The court stated: "The defendant's act for which plaintiff seeks recovery is the same—the performance of the cerebral angiogram and spinal tap. The primary right for the violation of which he seeks recovery is the same—the wrongful invasion of his body although its statement now appears in terms of fraud." (*Id.*, at p. 234.) And in *Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575 [86 Cal.Rptr. 465, 468 P.2d 825], a widow filed an action against the city on the theory of respondeat superior for the wrongful death of her husband at the hands of two police officers. After the statute had run, she amended her complaint to

allege the city's negligence in employing the officers. Although the amendment "added a significant new dimension to the lawsuit" (*id.*, at pp. 583-584), the court applied the *Austin* rule to allow relation back. "[B]oth counts in the amended complaint before us recite the same acts by [the officers] as the gravamen of the action, and recovery is sought in both counts to compensate plaintiff for the loss of her husband." (*Id.*, at p. 584.)

Here, the amendment adding the emotional distress causes of action to the wrongful death causes of action seeks recovery for the same accident—the electrocution—and for the same injury—Rowland's loss of his son. This is sufficient, in our view, to bring the amendment within the *Austin* test of the same general set of facts, permitting it to relate back to the date of the original complaint.

The dissent cites *Shelton* v. *Superior Court* (1976) 56 Cal.App.3d 66 [128 Cal.Rptr. 454], as requiring a different result in this case. There, husband and wife moved to amend their joint complaint for personal injuries suffered as a result of an automobile accident to include causes of action for loss of consortium. They argued unsuccessfully that the new causes of action should relate back to the filing of the original complaint to avoid the bar of the statute of limitations. The court held that the failure of each spouse to assert, within the statutory period, a claim for damages to that spouse by virtue of the injuries to the other barred the relation back of such a claim by amendment.

Here, Rowland's original complaint alleges damages for wrongful death, which are personal to him. ■ Wrongful death is an original and distinct cause of action granted to the heirs of a decedent, and is not derived from or a continuation or revival of a cause of action existing in the decedent before his death. (*Shelton* v. *Superior Court, supra,* 56 Cal.App.3d 66, 81; *Garcia* v. *State of California* (1967) 247 Cal.App.2d 814, 816 [56 Cal.Rptr. 80].) ■ He seeks to add a claim for additional personal damages in the form of mental distress. Therefore, the facts essential to recovery on both theories were present in the original complaint.

We see no policy reason to bar the relation back of the amendment proposed by Rowland. On the contrary, we agree with the often-stated maxim recently expressed in *Hirsa* v. *Superior Court:* "Allowing the filing of such an amendment is in furtherance of justice and in keeping with the fundamental policy of our courts that cases should be decided on their merits." (118 Cal.App.3d at p. 490.)

■ Respondent contends the writ is improper for lack of verification by "the person beneficially interested." (Code Civ. Proc., § 1103.) However,

the petition contains a declaration signed by the attorney and we may accept the pleading. (*Perlman* v. *Municipal Court* (1979) 99 Cal.App.3d 568 [160 Cal.Rptr. 567].)

■ The issue presented is one of law, and we see no purpose to be served by issuing an alternative writ. Since the opposing parties have received due notice, the issuance of a peremptory writ in the first instance is appropriate. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-179 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the superior court to overrule the demurrer to the 13th, 14th and 15th causes of action.

Trotter, P. J., concurred.

**SONENSHINE, J.**—I respectfully dissent.

The majority states petitioner's proposed amendment "seeks recovery for the same accident—the electrocution—and for the same injury—Rowland's loss of his son." (Majority opn., *ante,* p. 1218.) I agree the amendment addresses the same accident, but it does not address the same issue. The original complaint sought recovery for the *loss* of his son, "an original and distinct cause of action granted to the heirs of a decedent . . . ." (Majority opn., *ante,* p. 1218.) The amendment, on the other hand, seeks recovery, not for the loss of his son, but for physical injuries *he* suffered as the result of witnessing the son's death.

The majority relies on *Hirsa* v. *Superior Court* (1981) 118 Cal.App.3d 486 [173 Cal.Rptr. 418] and *Smeltzley* v. *Nicholson Mfg. Co.* (1977) 18 Cal.3d 932 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121]. Both recognize the policy of liberally allowing amendments to avoid the statute of limitations where the "recovery sought in both pleadings is based upon the same general set of facts." (*Hirsa* v. *Superior Court, supra,* 118 Cal.App.3d 486, 489.) Laudable as the maxims are, I do not feel they encompass this petitioner's amendments.

In *Hirsa,* plaintiff added a negligent entrustment cause of action to his original complaint based on negligent driving. Both counts sought damages for the same personal injuries. Although advancing a different legal theory, the amendment sought recovery "for the same accident and *the same injuries* as the original complaint, . . ." (*Hirsa* v. *Superior Court, supra,* 118 Cal.App.3d 486, 489, italics added.) Similarly, in *Smeltzley* the original complaint, alleging personal physical injury resulting from an employer's unsafe working area, was properly amended to allege "his injuries resulted

from a defective machine . . . ." (*Smeltzley* v. *Nicholson Mfg. Co.*, *supra*, 18 Cal.3d 932, 934.) Again, "the amended complaint sought recovery for the same accident and *the same injuries* as the original complaint." (*Id.*, at p. 937.) The plaintiffs in *Hirsa* and *Smeltzley* did not, by their amendments, seek damages for a different *type of injury*, merely for a different *cause*.

Petitioner here seeks recovery in his amended complaint for injuries different from those he originally claimed. An analogous situation was addressed in *Shelton* v. *Superior Court* (1976) 56 Cal.App.3d 66 [128 Cal.Rptr. 454]. Husband and wife filed a joint complaint for personal injury damages following an automobile accident. Their subsequent claims for loss of consortium damages were barred by the statute of limitations for "although the facts giving rise to the tortfeasors' liability for loss of consortium may be related to those in the original complaint, the facts *measuring that liability* are novel and were not asserted until after the statute had run." (*Id.*, at p. 77.)[1]

"[A]lthough the facts giving rise to the duty owed by the defendants to [petitioner] were the same under the original complaint and the proposed amendment, [the petitioner] has two separate independent rights, one to be free of injury [mental distress] caused by the tortious act of another, and secondly to be free of the loss of [society, companionship and support] resulting from injury to [his son] caused by the tortious act of another." (*Id.*, at p. 80.) Here, as in *Shelton*, "it is purely fortuitous that as to [petitioner] both primary rights were violated by the same tortious act. Nevertheless they are severable and independent and the assertion of one within the statutory period does not excuse the failure to assert the other." (*Ibid.*) Petitioner's cause of action for negligent infliction of mental distress does not relate back to the date of filing his original complaint for wrongful death.

I would deny the writ.

---

[1]The defendants were put on notice their negligence was alleged as the cause of petitioner's son's death but the claim for wrongful death does not include a claim for mental distress. Thus, the defense and discovery was focused on the measure of damages the defendants might be required to pay for the father's loss of comfort and companionship. They had no reason to investigate the emotional disturbance and shock factors inherent in a *Dillon* claim. And, in fact, I perceive no basis for requiring a defendant to conduct discovery of an unalleged injury, thereby alerting a plaintiff and *inviting* additional causes of action.