[No. A066185. First Dist., Div. Four. Oct. 30, 1995.]

DAVID E. IDDING, Plaintiff and Appellant, v.
NORTH BAY CONSTRUCTION COMPANY, INC., et al., Defendants
and Respondents.

## COUNSEL

Stanley J. Bell and Steger P. Johnson for Plaintiff and Appellant.

Larson & Burnham, Scott C. Finch, Michael K. Johnson, Melissa A. Bruzzano, Martin, Ryan & Andrada, Gerald P. Martin, Jr., Michael J. Daley, Thompson & Heller, Karen L. Jacobsen and Leslie M. Hanks for Defendants and Respondents.

## OPINION

**POCHÉ, J.**—Plaintiff and appellant David E. Idding (appellant) appeals from a judgment entered in favor of defendants and respondents North Bay Construction Company, Inc., R & R Maher Construction Company, Inc., McBail Company and Wes Bailey (respondents) which was entered following their successful motions for summary judgment. The sole issue presented is whether appellant's second amended complaint is barred by the applicable statute of limitations, Code of Civil Procedure section 340, subdivision (3).

### FACTS

On November 22, 1991, appellant filed a complaint in the San Joaquin County Superior Court which set forth a cause of action on general negligence seeking compensation for personal injuries he sustained on December 5, 1990, while working at "Stockton Sewer Project, French Camp Rd. & Interstate 5, Stockton, County of San Joaquin, State of California." In particular he alleged that while he "was helping to place the rebar in a hole on the job site, the dirt on which he was standing gave way" causing him to slide into the hole while holding the rebar. Appellant named as defendants Dorfman Construction Company, Inc., Black & Veatch, Black & Veatch Construction, Inc., Black & Veatch Power Development Corporation and H. Max Lee, Inc.

On February 22, 1993, appellant filed an amendment to the complaint substituting respondents for Doe defendants.

Each of respondents answered the first amended complaint. Shortly there-after—but after the statute of limitations had run—counsel for appellant and counsel for only the original defendants entered into a stipulation allowing amendment of the first amended complaint to specify the correct location of his accident as follows: "STORM DRAIN TRUNK IMPROVEMENTS, LINDA VISTA DEVELOPMENT DISTRICT, NAPA, CALIFORNIA." An order allowing this amendment was filed April 23, 1993. Approximately four weeks later appellant dismissed with prejudice as to each of the original defendants.

Respondents each moved for summary judgment on the ground that the statute of limitations was a complete defense. The trial court granted respondents' motions and entered judgment accordingly.

This timely appeal followed.

## REVIEW

█ The seminal case, a unanimous decision by the California Supreme Court authored by Chief Justice Gibson, *Austin v. Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681], established the rule that an amended complaint relates back to the filing of the original complaint and thus avoids the bar of the statute of limitations, so long as recovery is sought in both pleadings on the same general set of facts. Either the word did not get out or it went down hard because on two occasions since then that court has reversed trial courts in situations it found indistinguishable from *Austin.* In *Grudt v. City of Los Angeles* (1970) 2 Cal.3d 575, 585 [86 Cal.Rptr. 465, 468 P.2d 825], Justice Mosk, speaking for a unanimous court, reversed a trial court which "took an unduly rigid approach" to the *Austin* pleading rule. Seven years later the high court unanimously reversed a judgment entered after a demurrer had been erroneously sustained. Using plain but harsh language Justice Tobriner's opinion for the court pointed out that the error was in agreeing with an argument that "not only totally fails to distinguish *Austin* and its progeny, but relies upon principles clearly repudiated in those decisions." (*Smeltzley v. Nicholson Mfg. Co.* (1977) 18 Cal.3d 932, 940 [136 Cal.Rptr. 269, 559 P.2d 624, 85 A.L.R.3d 121].) The high court's eight-page exegesis involved every reported decision point rendered subsequent to *Austin.*

As framed by the parties, the question presented to the trial court was whether a change in location of an accident can be found to arise from "the

same general set of facts" involved in that accident which earlier pleadings had erroneously designated as occurring elsewhere. To be more factually specific, if plaintiff alleges that he was injured when he slipped into a hole at a worksite in Stockton, does an amendment—after the statute of limitations has run—placing the hole in Napa arise out of the same general set of facts. The answer is it does.

The injury and the accident were the same: indeed appellant did not alter his pleadings with respect to his injuries or the nature or the cause of the accident. As we understand *Austin* and its progeny, the test is whether the two complaints relate to the same "general set of facts." (*Smeltzley* v. *Nicholson Mfg. Co.*, *supra*, 18 Cal.3d 932, 940.) Appellant's amended complaint, by seeking recovery for the same accident and injuries as the original complaint, but merely changing the situs of the accident, complies with that test.

Respondents' reliance on *Coronet Manufacturing Co.* v. *Superior Court* (1979) 90 Cal.App.3d 342 [153 Cal.Rptr. 366], is understandable, but misplaced. In *Coronet*, the initial complaint alleged that the plaintiffs' daughter was electrocuted while using a defective Lady Sunbeam electric hair dryer. After the statute of limitations had run, a second amended complaint was filed identifying Coronet as a Doe defendant and alleging that Coronet had manufactured and supplied component parts of the hair dryer *and* a table lamp with a particular type of switch and socket. In holding that the amendment did not relate back, the court reasoned that "[t]he difference between being electrocuted by a hair dryer and being electrocuted by a table lamp is as great as being electrocuted by the hair dryer and being poisoned by some improperly processed food found on the kitchen shelf. Although they relate to a single death at a single location they are different 'accidents' and involve different instrumentalities." *(Id.* at p. 347.)

*Coronet* is not controlling here. When appellant changed the situs of the accident, he did not change the nature of the accident, the cause of the accident, or the nature of his injuries. The amendment meets the test for relating back.

The result we reach today comports with the strong policy in this state that cases should be decided on their merits. (See *Austin* v. *Massachusetts Bonding & Insurance Co.*, *supra*, 56 Cal.2d 596, 600; accord, *Smeltzley* v. *Nicholson Mfg. Co.*, *supra*, 18 Cal.3d 932, 939; *Grudt* v. *City of Los Angeles*, *supra*, 2 Cal.3d 575, 585.) Nowhere in this record is it suggested that respondents were misled to their detriment or prejudiced in defending the case by virtue of the timing of the amendments.

For these reasons, we conclude that the trial court erred in granting summary judgment in favor of respondents on the ground that appellant's cause of action was barred by the statute of limitations.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion. Appellant to recover costs on appeal.

Anderson, P. J., and Reardon, J., concurred.

Respondents' petition for review by the Supreme Court was denied January 18, 1996.