JONES, P.J., Concurring and Dissenting.
I concur in my colleagues' judgment reversing summary adjudication of Applied's claims for breach of contract, conversion, and aiding and abetting conversion, but must dissent from their conclusion regarding the application of the relation back *184 doctrine to Applied's fraud-based claims alleged in the Second Amended Complaint (SAC), i.e. fraudulent concealment (fifth cause of action; against Thomas, and Institutional Venture Partners IV, L.P. (IVP)); aiding and abetting fraudulent concealment (sixth cause of action; against Dennis); and breach of fiduciary duty (seventh cause of action; against Thomas). I would conclude the fraud-based claims relate back to the original complaint and are not time barred.
"An amended complaint is considered a new action for purposes of the statute of limitations only if the claims do not 'relate back' to an earlier, timely-filed complaint. Under the relation-back doctrine, an amendment relates back to the original complaint if the amendment: (1) rests on the same general set of facts; (2) involves the same injury; and (3) refers to the same instrumentality. [Citations.] An amended complaint relates back to an earlier complaint if it is based on the same general set of facts, even if the plaintiff alleges a different legal theory or new cause of action. [Citations.]" (Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP (2011) 195 Cal.App.4th 265, 276-277, 125 Cal.Rptr.3d 540 (Pointe ).)
"In determining whether the amended complaint alleges facts that are sufficiently similar to those alleged in the original complaint, the critical inquiry is whether the defendant had adequate notice of the claim based on the original pleading. 'The policy behind statutes of limitations is to put defendants on notice of the need to defend against a claim in time to prepare a fair defense on the merits. This policy is satisfied when recovery under an amended complaint is sought on the same basic set of facts as the original pleading. [Citation.]' [Citations.]" (Pointe, supra , 195 Cal.App.4th at p. 277, 125 Cal.Rptr.3d 540, fn. omitted.)
In my view, the SAC "rests on the same general set of facts" as the original complaint. (Pointe, supra, 195 Cal.App.4th at p. 277, 125 Cal.Rptr.3d 540.) The original complaint alleged Thomas violated the stock option agreements, in part by failing to timely return an executed stock-assignment form transferring his shares of stock back to Applied. The complaint also alleged Thomas violated the stock option agreements by "act[ing] in concert with, and at the direction of, the Fund. Mr. Thomas and the Fund share a common motivation to inappropriately inflate the price at which Applied ... repurchases Mr. Thomas's shares because Mr. Thomas has entered into a side agreement with the Fund and/or one or more of its general partners, under which any stock compensation awarded to Mr. Thomas ... will be shared with the Fund and/or one or more of its general partners." In addition, the complaint alleged Thomas attempted to inflate the stock valuation because he was "obligated through a secret agreement with the Fund and/or one or more of its general partners to share any stock awards he received during his service as a director. Thus, the Fund is motivated to challenge the ... valuation, as it would directly benefit from any increase in repurchase price paid by Applied ... for the shares" under the stock option agreements.
The fraud cause of action in the SAC similarly alleges Thomas violated the stock option agreements by concealing "the existence of his secret agreement with the Fund that all of his ... stock options and any proceeds thereof belonged to the Fund and its partners, not to Mr. Thomas individually." According to the SAC's aiding and abetting claim, Dennis "knew that Mr. Thomas was fraudulently concealing from *185 Applied ... the existence of his secret agreement to share the stock options" and "gave Mr. Thomas substantial assistance and encouragement" in concealing that "secret agreement." The breach of fiduciary duty cause of action in the SAC alleges Thomas breached his fiduciary obligations to Applied by "representing that he was acquiring stock options for his personal account ... and by omitting the fact that he had a secret agreement with his partners at the Fund to share the ownership of all stock options granted by Applied[.]"
In applying the relation back doctrine, California's "courts should consider the 'strong policy in this state that cases should be decided on their merits.' " (Pointe, supra, 195 Cal.App.4th at p. 277, 125 Cal.Rptr.3d 540.) Viewing these allegations in light of this policy, I would conclude the facts alleged in the SAC are "sufficiently similar" to those alleged in the original complaint for purposes of the relation back doctrine. (Ibid. , internal citations and fn. omitted; see also Idding v. North Bay Construction Co. (1995) 39 Cal.App.4th 1111, 1113, 46 Cal.Rptr.2d 149 [relation back doctrine applies where "recovery is sought in both pleadings on the same general set of facts"].) The fraud-based claims in the SAC undoubtedly add "a significant new dimension to the lawsuit" but the relation back doctrine "requires only that the original and amended pleadings seek recovery 'on the same general set of facts' [citation][.]" (Grudt v. City of Los Angeles (1970) 2 Cal.3d 575, 583-584, 86 Cal.Rptr. 465, 468 P.2d 825 (Grudt ) [negligence cause of action related back to wrongful death claim].)
The SAC "meet[s] that test." (Grudt, supra, 2 Cal.3d at p. 584, 86 Cal.Rptr. 465, 468 P.2d 825 ; Amaral v. Cintas Corp. No. 2 (2008) 163 Cal.App.4th 1157, 1199-1200, 78 Cal.Rptr.3d 572 (Amaral ) [new legal theories may relate back so long as they address the same set of facts]; Weinstock v. Eissler (1964) 224 Cal.App.2d 212, 234-235, 36 Cal.Rptr. 537 (Weinstock ) [fraud claim related back to allegation of negligent and intentional tort by a physician during an operation]; Austin v. Massachusetts Bonding & Insurance Co. (1961) 56 Cal.2d 596, 602, 15 Cal.Rptr. 817, 364 P.2d 681 [original and amended complaints "allege the same defalcations ... with respect to plaintiffs' securities and moneys, and these defalcations constitute the grounds for the action on the bond added by the amended complaint"].)
To be sure, the relation back doctrine does "not apply if ... 'the plaintiff seeks by amendment to recover upon a set of facts entirely unrelated to those pleaded in the original complaint.' [Citation.]" (Pointe, supra, 195 Cal.App.4th at p. 277, 125 Cal.Rptr.3d 540, italics added.) As discussed above, I do not read the SAC as alleging facts entirely unrelated to those in the original complaint. Thomas's failure to honor the obligations he assumed when he agreed to the stock option plans and accepted the stock option awards under the stock option plans are central to plaintiffs' breach of contract and conversion claims and are central to their fraud-based claims. That Thomas is alleged to have acted with a particular motivation-to conceal his side agreement and inflate the repurchase price and the price at which stock would be sold to the investing public to enrich himself and his IVP partners at the expense of Applied, to which he owed a fiduciary duty-does not mean the facts giving rise to the fraud allegations are unrelated to the general facts giving rise to the breach of contract claims.
The majority states: [a]lthough both sets of claims relate to the stock options issued to Thomas [pursuant to a stock-sharing agreement], the claims rest on different sets of facts (2012 delay in stock repurchase *186 vs. concealment of stock-sharing agreement starting in 2003), different injuries (loss of repurchase rights vs. undue issuance of stock options), and different instrumentalities (delay in returning stock assignment form vs. concealment of material facts regarding ownership of stock options)." The majority then details specific allegations in the original complaint and the absence of allegations of concealment of the stock-sharing agreement in that original complaint, and concludes the original complaint "provides[s] no factual basis for any element of the causes of action in the original complaint." In my view, the majority's new expression of the relation back doctrine is an "unduly rigid approach" (Grudt, supra, 2 Cal.3d at p. 585, 86 Cal.Rptr. 465, 468 P.2d 825 ) which contravenes this state's policy that cases should be decided on the merits. (Pointe, supra, 195 Cal.App.4th at p. 277, 125 Cal.Rptr.3d 540.)
"[A]n amendment seeking new damages relates back to the original complaint if such damages resulted from the same operative facts-i.e., the same misconduct and the same injury-previously complained of. [Citation.]" (Amaral, supra, 163 Cal.App.4th at p. 1200, 78 Cal.Rptr.3d 572.) "In discussing the relation back of an amendment after the statute has run, courts have talked about the 'primary right' theory of a plaintiff's injury. [Citation.]" (Rowland v. Superior Court (1985) 171 Cal.App.3d 1214, 1217, 217 Cal.Rptr. 786 (Rowland ).) " 'The primary right theory ... provides that a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. [Citation.]' [Citation.]" (Baral v. Schnitt (2016) 1 Cal.5th 376, 394, 205 Cal.Rptr.3d 475, 376 P.3d 604.)
Here, the primary right violated is the same in the original complaint and the SAC: Thomas's misappropriation of stock options in violation of the stock option agreements and Applied's property interests, thereby causing monetary damages. (Rowland, supra, 171 Cal.App.3d at p. 1217, 217 Cal.Rptr. 786 [same primary right where act for which plaintiff seeks recovery "is the same"]; Honig v. Financial Corp. of America (1992) 6 Cal.App.4th 960, 966, 7 Cal.Rptr.2d 922 [a "claim for different damages does not indicate there are different injuries. Rather, injuries may encompass the same primary rights"]; Grudt, supra, 2 Cal.3d at p. 584, 86 Cal.Rptr. 465, 468 P.2d 825, quoting Weinstock , supra , 224 Cal.App.2d at p. 234, 36 Cal.Rptr. 537 [primary right was "the same ... although its statement now appears in terms of fraud"]; McCoy v. Gustafson (2009) 180 Cal.App.4th 56, 105, 103 Cal.Rptr.3d 37 [under the primary rights doctrine, "the essence of a cause of action is the invasion of a plaintiff's primary right, not the number of acts and omissions that constitute the invasion"].)
The majority complains authority is lacking where relation back is applied to "sets of claims involv[ing] different injuries occurring years apart." I would counter that I am unaware of any authority supporting the proposition that a pleader will be denied the benefit of the relation back doctrine where the amended pleading alleges different items of damage suffered at different times or where the amended pleading alleges a different measure of damages under a new theory of liability, but asserts a violation of the same primary right arising from the same factual predicate. (See Amaral, supra, 163 Cal.App.4th at p. 1200, 78 Cal.Rptr.3d 572 [an amendment seeking new damages based on new legal theory relates back to original complaint]; Lamont v. Wolfe (1983) 142 Cal.App.3d 375, 378, 190 Cal.Rptr. 874 [wrongful *187 death claim, which did not exist at time of filing of complaint because decedent was alive, related back; "it is the sameness of the facts rather than the rights or obligations arising from those facts that is determinative"].)
I would also conclude the original complaint and the SAC also involve the same instrumentality: Thomas's violation of the stock option agreements and that respondents had "adequate notice of the claim based on the original pleading." (Pointe, supra, 195 Cal.App.4th at p. 277, 125 Cal.Rptr.3d 540.) Under "California's liberal pleading rules, '[l]ess particularity is required when it appears that defendant has superior knowledge of the facts, so long as the pleading gives notice of the issues sufficient to enable preparation of a defense.' [Citations.]" (Id. at p. 278, 125 Cal.Rptr.3d 540.) Here, this is particularly true because respondents were named in the original complaint. The original complaint provided sufficient information to permit respondents "to gather and preserve the relevant materials and begin to conduct discovery and prepare a defense to the claims that were later refined and augmented in the [SAC]." (Ibid. ; see also Smeltzley v. Nicholson Mfg. Co. (1977) 18 Cal.3d 932, 934-935, 136 Cal.Rptr. 269, 559 P.2d 624 [relation back doctrine applied where the plaintiff added a new cause of action against a different defendant after the statute of limitations expired].)
Having concluded the fraud-based claims relate back to the original complaint, I would reach the merits of respondents' contentions challenging the bases for liability against IVP and Dennis.