Filed 10/31/23  Parsons Farms v. Duarte Nursery CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PARSONS FARMS, et al.,<br><br>Plaintiffs and Respondents,<br><br>v.<br><br>DUARTE NURSERY, INC.,<br><br>Defendant and Appellant. | F084041<br><br>(Super. Ct. No. 2016283)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Stanislaus County.  John D. Freeland, Judge.

Law Offices of Brunn & Flynn, Gerald E. Brunn, Drexwell M. Jones, Mahanvir S. Sarota; Quinn & Kronlund and Michael C. Kronlund for Defendant and Appellant.

Downey Brand, James M. Morris and Tyler A. Horn, for Plaintiffs and Respondents.

-ooOoo-

Defendant Duarte Nursery, Inc. appeals from an order granting plaintiff Parsons Farms a right to attach order.  Duarte contends the trial court erroneously granted the order for many reasons, including because Parsons did not establish the probable validity of the claims upon which the order was issued.  Duarte argues the claims lack probable

validity because they are barred by the statute of limitations. We agree with Duarte and on that basis will reverse the order granting the right to attach order and direct the trial court to discharge the subsequently obtained writ of attachment.

## FACTS

### I. The pleadings

#### A. Original complaint

Parsons is a farming operation that grows pistachios. Duarte is a commercial nursery that propagates and sells a variety of pistachio tree called UCB-1.

On February 13, 2015, Parsons and seven other plaintiffs[1] (also farmers) filed a complaint against Duarte for tort and contract claims arising out of the sale of UCB-1 pistachio rootstock.[2] The complaint alleged nine causes of action, including claims for negligence and breach of contract. All causes of action were asserted by "all plaintiffs" against Duarte. The gravamen of all but the sixth cause of action was that rootstock delivered to plaintiffs suffered defects that prevented them from being commercially viable.

The sixth cause of action was different in that it involved rootstock that was allegedly never delivered. It was entitled "Breach of Contract—New Trees" and was alleged by all plaintiffs against Duarte. It alleged: "Between September 2010 and March 2013, for valuable consideration, plaintiffs and defendants entered into a written contract to supply UCB-1 pistachio trees for expected delivery at various dates in 2013, 2014, and 2015 with the intended purpose of establishing commercial pistachio orchards." Plaintiffs alleged they performed their part of "the contract" by making initial deposits totaling more than $1,000,000 for the trees. They also alleged that beginning in

_____

[1] The named plaintiffs changed as the complaint was amended; some were dropped while others were added.

[2] The complaint refers to pistachio "trees" and "rootstock." It appears the terms are used interchangeably to refer to young trees.

2.

September 2013 they became aware that previously delivered UCB-1 trees from Duarte were defective and commercially unsuitable.  Plaintiffs learned that many other growers had also received defective trees from Duarte and had to remove the trees.

The sixth cause of action stated:  "On February 6, 2015, based on defendants' apparent inability to produce and tender goods that met industry standards for quality and health, and were merchantable for their ordinary purpose, plaintiffs informed defendants that they were repudiating the orders for the new trees and demanded return of amounts paid on deposit."  The complaint did not say whether this repudiation was made orally or in writing.  !(CT 117–118)!  The alleged breach was Duarte's failure to return the deposits.

No contracts were attached to the original complaint.

## B.     First amended complaint

On April 6, 2015, plaintiffs filed their first amended complaint which realleged the same nine causes of action.  Plaintiffs amended the sixth cause of action for "Breach of Contract—New Trees" to clarify that the cause of action was alleging multiple contracts were entered into and breached.[3]  But plaintiffs did not clarify how many contracts were alleged and did not attach any contracts to the first amended complaint.  Plaintiffs also amended the time frame used to identify the contracts in the sixth cause of action.  It was now alleged the parties entered into contracts between September 2010 and March 2013 for pistachio trees with expected delivery dates in 2012, 2013, and 2014.[4]  It also was now alleged plaintiffs "repudiat[ed] the orders for the new trees and demanded return of

---

[3] Note that in the original complaint the sixth cause of action pleaded that plaintiffs and Duarte entered into "a written contract" and that plaintiffs performed their part of "the contract," indicating there was only one contract.  The first amended complaint clarified the parties entered into multiple contracts.

[4] Recall that the original complaint alleged the trees were to be delivered at various dates in 2013, 2014, and 2015.

3.

amounts paid on deposit" not just on February 6, 2015, but also on March 30, 2015 and April 3, 2015.

## C.     Second amended complaint

Plaintiffs filed their second amended complaint on May 6, 2015, adding a tenth cause of action for declaratory relief.  The sixth cause of action was unchanged.

## D.     Third amended complaint

On June 7, 2019, the trial court granted plaintiffs' motion for leave to file a third amended complaint over Duarte's objection.  Plaintiffs filed the third amended complaint the same day.

Plaintiffs realleged the ten causes of action of the second amended complaint and added an eleventh cause of action.  The new cause of action was entitled "Non-Delivery of Trees" and was alleged by only Parsons against Duarte.[5]  This new cause of action pleaded breaches of two contracts for the delivery of pistachio rootstock.  The two contracts were attached to the complaint as exhibits.

The first contract, identified as Contract No. 41665, was entered into September 25, 2012, between Parsons and Duarte for the purchase of 7,680 potted UCB-1 pistachio rootstock and protectors for $69,120.  The contract called for the payment of deposits totaling $34,560, which Parsons alleged it paid.  The balance of the purchase price was due on delivery, which was originally to happen in January 2015 but was extended to July 15, 2015.

The second contract, identified as Contract No. 46045, was entered into February 1, 2014, between Parsons and Duarte for the purchase of 20,650 UCB-1 pistachio rootstock and protectors for $185,850.  The contract required payment of deposits totaling $46,462.50.  The balance of the purchase price was due on delivery, which was to happen in January 2015.

---

[5] The rest of the causes of action were still alleged by all plaintiffs against Duarte.

4.

The eleventh cause of action alleged that Parsons performed its obligations under both contracts 41665 and 46045 by paying all deposits when due. Parsons alleged Duarte breached both contracts by failing to deliver any of the rootstock and by failing to refund their deposits. They also alleged the failure to deliver the rootstock excused them from having to pay the purchase price balances. Parsons further alleged Duarte knew it never delivered the trees and never refunded the deposits, telling Parsons it did not have the money to do so. Parsons did not allege that it ever tried to "repudiate" or rescind either contract 41665 or 46045.

The third amended complaint sought "at least" $952,223.50 in damages on the eleventh cause of action, comprising the amount of the unreturned deposits plus the value of the loss of future pistachio production.

Both contracts 41665 and 46045 provided that any action for breach of contract must be commenced within two years of accrual.

### E.       Fourth amended complaint

Duarte demurred to the third amended complaint. But before the demurrer hearing, the parties stipulated that plaintiffs could file a fourth amended complaint and that Duarte would retain its right to demur or otherwise challenge the pleading. The fourth amended complaint, filed August 26, 2019, realleged the same causes of action as the third amended complaint. The sixth cause of action remained the same and allegations were added to the eleventh cause of action. The new allegations asserted that Duarte would not be prejudiced if Parsons were allowed to proceed on its claims related to the alleged breaches of contracts 41665 and 46045.

## II.       Duarte's motion for summary judgment

Duarte moved for summary judgment or summary adjudication. Duarte argued as to the eleventh cause of action that the alleged claims of breaches of contracts 41665 and 46045 were barred by both (1) the two-year contractual limitations provision in both contracts and (2) the four-year statutory limit under Code of Civil Procedure

5.

section 337.[6]  The trial court granted summary adjudication for Duarte on some causes of action but not on the eleventh.  As to the eleventh, the court found Duarte "failed to produce any evidence establishing that the facts alleged in that claim do not relate back to the filing of the initial pleading in this action."[7]

## III.    Right to attach order

Almost two months after the court's summary adjudication order, Parsons filed an application for a right to attach order and writ of attachment.  The application was based on Parsons's eleventh cause of action—the breaches of contracts 41665 and 46045. Parsons supported its application with declarations and exhibits.  Duarte opposed the motion on multiple grounds, including on the ground that the breach of contract claims upon which the application was made are barred by the statute of limitations and the contractual limitations period.  The trial court granted Parsons's application after a hearing and entered a right to attach order and order for issuance of writ of attachment. Parsons obtained a writ of attachment from the court clerk.

## DISCUSSION

Duarte contends the trial court erred in granting Parsons a right to attach order for many reasons, including that Parsons cannot establish the probable validity of the breach of contract claims upon which the order was granted because those claims are time barred.  Duarte maintains that Parsons's claims for the breaches of contracts 41665 and 46045, asserted in the eleventh cause of action, are barred by the four-year statutory limit and the two-year contractual limitations period.  This is because the contracts were

---

[6] Code of Civil Procedure section 337 provides that an action on a written contract must be brought within four years.

[7] The court had also previously overruled Duarte's demurrer to the eleventh cause of action as alleged in the fourth amended complaint on statute of limitations grounds. The court ruled the eleventh cause of action related back to the original complaint, explaining that "the original allegations were sufficient to put Defendant on notice of the nature of the claim at issue[.]"

6.

allegedly breached in January 2015 when Duarte failed to deliver the rootstock as the contracts required, and Parsons did not allege the breach of these contracts until June 2019 in the third amended complaint.

Parsons counters, as it did below, that those claims are not barred because they relate back to the original complaint, specifically to the sixth cause of action. Parsons reasons that contracts 41665 and 46045 were described in the third amended complaint as alleged in the original complaint, which sought recovery for the breaches of contracts entered into between September 2010 and March 2013 for rootstock to be delivered in 2013, 2014, and 2015. Parsons emphasizes that contracts 41665 and 46045 called for delivery in 2015, and therefore those contracts were included in the sixth cause of action.[8]

Duarte contends the inquiry should not be whether the claims relate back to the *original* complaint, but whether they relate back to the first amended complaint. It reasons that since the first amended complaint changed the definitional time frame of the sixth cause of action to refer to contracts that called for delivery in 2012, 2013, and 2014, we should use that time frame to determine whether contracts 41665 and 46045 were included in the sixth cause of action. And since contracts 41665 and 46045 called for delivery in 2015, the sixth cause of action should not be said to include them.

We need not decide whether the original complaint or first amended complaint is looked to for relation back purposes. This is because it is apparent from other allegations of the sixth cause of action that were never changed and from allegations of the eleventh cause of action that the sixth cause of action never sought recovery for breach of contracts 41665 and 46045. The claims for breaches of contracts 41665 and 46045 do not relate back to any earlier, timely-filed complaint and are therefore time barred. The

---

[8] However, Parsons ignores that contract 46045 was entered into in 2014.

claims thus lack probable validity and the right to attach order must be reversed on that ground. We need not address any of Duarte's other reasons for reversing the order.

### A. Running of the limitations periods

The parties do not dispute that both the statutory and contractual limitations periods expired before Parsons brought the eleventh cause of action. The statute of limitations for breach of written contract is four years from when the claim accrues. (Code Civ. Proc., § 337.) Also, contracts 41665 and 46045 contained a provision shortening the limitations period for breach of those contracts to two years from when the cause of action accrues. Contracting parties may modify the length of a statute of limitations so long as the time allowed for filing an action is not inherently unreasonable, and Parsons does not argue the two-year period is unreasonable. (*Wind Dancer Production Group v. Walt Disney Pictures* (2017) 10 Cal.App.5th 56, 74.) A breach of contract claim accrues "at the time of breach (that is, when one party fails to perform as contractually required)." (*Piedmont Capital Management, L.L.C. v. McElfish* (2023) 94 Cal.App.5th 961, 964.)

Contracts 41665 and 46045 both required delivery of the trees in "January 2015." Duarte (allegedly) never delivered the trees and thus breached the contracts no later than January 31, 2015. The eleventh cause of action was not brought until June 7, 2019, in the third amended complaint. This was well after the two- and four-year limitations periods had run. Thus, the eleventh cause of action is time-barred unless it relates back to an earlier, timely-filed complaint.

At oral argument, Parsons's counsel asserted contracts 41665 and 46045 were not breached until April and September 2015. According to counsel, Parsons's attorney sent Duarte a letter in April 2015 and another in September 2015 demanding return of the deposits paid on those two contracts, and Duarte's failure to return the money in response to those letters is what constituted the breach. This contention is untenable for many reasons. For one, these purported letters are not in our record. Second, Parsons never

alleged these letters in any version of its complaint.[9]  Third, the contention contradicts Parsons's pleadings.  The eleventh cause of action alleges that Duarte breached contracts 41665 and 46045 "by failing to deliver the [trees] as promised, and by refusing to refund Parsons's deposits."  !(CT 79—80)!  Parsons cannot now retract its allegation that the contracts were breached upon the failure to deliver.  Fourth, the contracts' language does not support the idea that Parsons did not have actionable claims for breach of contract upon failure of delivery.  The contracts imposed no obligation on Parsons to make any sort of demand on Duarte after failure of delivery in order to have an actionable claim for breach.  But even were we to indulge Parsons's theory that these contracts were not breached until later in 2015, the two-year contractual limitations periods had undoubtedly run by the time Parsons brought the eleventh cause of action.

### B. Attachment law and standard of review

" ' "Attachment is an ancillary or provisional remedy to aid in the collection of a money demand by seizure of property in advance of trial and judgment." ' "  (*Kemp Bros. Construction, Inc. v. Titan Electric Corp.* (2007) 146 Cal.App.4th 1474, 1476, italics omitted.)  "Under the statutory scheme governing attachments in California (Code Civ. Proc., §§ 481.010–493.060), denominated by the Legislature as 'The Attachment Law' (Code Civ. Proc., § 482.010), plaintiffs must meet a set of detailed procedural and substantive requirements."  (*Royals v. Lu* (2022) 81 Cal.App.5th 328, 345.)

A right to attach order requires evidence of a claim for an amount of money greater than $500 based on a contract, express or implied, unsecured by an interest in real property, and, if the defendant is a natural person, based on his or trade, business, or

---

[9] We observe that attached to a declaration in support of Parsons's application for a right to attach order is a letter dated February 6, 2015, from Parsons's counsel to Duarte.  The letter was written on behalf of many farmers and demanded, among other things, that Duarte return all deposits paid for trees not yet delivered.  This letter was not referenced in or attached to any complaint.  !(CT 946, 954, 970–971)!

profession.  (Code Civ. Proc., § 483.010, subds. (a–c).)[10]  An order granting a right to attach order is an appealable order.  (§ 904.1, subd. (a)(5).)

The trial court issues a right to attach order after hearing if it finds that (1) the claim is one on which an attachment may be issued, (2) the claim has "probable validity," (3) the attachment is not sought for an improper purpose, and (4) the amount to be secured is greater than zero.  (§ 484.090, subd. (a).)

A claim has "probable validity" where "it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim."  (§ 481.190; see *Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) 18 Cal.App.5th 881, 885 (*Santa Clara*).)  The trial court's finding of probable validity is reviewed for substantial evidence.  (*Santa Clara,* at p. 885.)  But here, whether the claims have probable validity rests on whether they are barred by the statute of limitations.  The facts relevant to whether the claims relate back to the original complaint for statute of limitations purposes are undisputed.  Thus, our review of the trial court's implied determination that the claims are not barred is de novo.  (*Estrada v. Royalty Carpet Mills, Inc.* (2022) 76 Cal.App.5th 685, 717 [when facts undisputed, review of whether claims relate back for statute of limitations purposes is de novo]; *Arcadia Development Co. v. City of Morgan Hill* (2008) 169 Cal.App.4th 253, 260–261 [when facts undisputed, whether case is barred by statute of limitations is reviewed de novo].)  If we conclude under de novo review that the relevant claims are barred, then the claims necessarily lack probable validity.

C.     **Relation back**

"An amended complaint is considered a new action for purposes of the statute of limitations only if the claims do not 'relate back' to an earlier, timely filed complaint. Under the relation-back doctrine, an amendment relates back to the original complaint if

---

[10] Subsequent statutory references are to the Code of Civil Procedure.

the amendment: (1) rests on the same general set of facts; (2) involves the same injury; and (3) refers to the same instrumentality. [Citations.] An amended complaint relates back to an earlier complaint if it is based on the same general set of facts, even if the plaintiff alleges a different legal theory or new cause of action. [Citations.] However, the doctrine will not apply if the 'the plaintiff seeks by amendment to recover upon a set of facts entirely unrelated to those pleaded in the original complaint.' " (*Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 276–277 (*Pointe San Diego*).) Determining whether an amended complaint relates back to an earlier one "requires courts to compare the factual allegations in the [two] complaints." (*Davaloo v. State Farm Ins. Co.* (2005) 135 Cal.App.4th 409, 416.)

An amended complaint involves the "same injury" when it seeks recovery for violating the same primary right alleged in the original complaint. (*Rowland v. Superior Ct.* (1985) 171 Cal.App.3d 1214, 1217.) "The primary right theory is a theory of code pleading that has long been followed in California. It provides that a 'cause of action' [comprises] a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty." (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 681.) "As far as its content is concerned, the primary right is simply the plaintiff's right to be free from the particular injury suffered. [Citation.] It must therefore be distinguished from the legal theory on which liability for that injury is premised[.]" (*Ibid.*, italics omitted.) The violation of a single primary right gives rise to only one "cause of action," even if a plaintiff seeks various forms or theories of relief. (*Jenkins v. Pope* (1990) 217 Cal.App.3d 1292, 1299, fn. 3.) Thus, an amended complaint that seeks to enforce an independent right will not relate back to the original complaint. (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1278.)

Separate and distinct contracts encompass different primary rights. (*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 928 [plaintiffs state two distinct

causes of action for interference with contract when they allege defendant's act wrongfully interfered with two separate contracts].) Contracts 41655 and 46045 are not only separate and distinct from each other but are also separate and distinct from the contracts described in any iteration of the sixth cause of action.

Contracts 41655 and 46045 represent separate purchases of rootstock with separate consideration. They stand independent of each other, meaning that if one were canceled the other would remain in force, and that the breach of one would not necessarily constitute breach of the other. They embody different primary rights. Parsons had a primary right to Duarte's performance on contract 41655 and a separate primary right to Duarte's performance on contract 46045.

The sixth cause of action has always alleged contracts that are separate and distinct from contracts 41655 and 46045. This is clear even though the contracts described in the sixth cause of action are not attached to the complaint and are not described with any particularity. First, the sixth cause of action has always referenced contracts entered into between September 2010 and March 2013. Contract 46045 was entered into on February 1, 2014, and thus was not included in the sixth cause of action.

Additionally, plaintiffs have always alleged that the contracts described in the sixth cause of action were "repudiate[ed]." That is to say, there came a point where plaintiffs no longer wanted the trees purchased under those contracts to be delivered. By contrast, contracts 41655 and 46045 were never "repudiated"—or canceled. Rather, the eleventh cause of action, as pleaded, shows that Parsons always wanted the trees purchased under contracts 41655 and 46045 to be delivered. It can be conceptualized like this: the sixth cause of action involved contracts that were canceled, and the eleventh cause of action involved contracts that were not. Contracts 41655 and 46045 are separate and distinct from the contracts described in the sixth cause of action and thus involve different primary rights.

12.

Since the claims alleged in the eleventh cause of action do not seek to recover for the violation of the same primary rights for which the claims of the sixth cause of action seek to recover, the claims do not involve the "same injury" for relation back purposes. The relation back doctrine therefore does not apply, and the breach of contract claims pleaded in the eleventh cause of action are time barred. Parsons thus cannot establish the probable validity of these claims, and the right to attach order must be reversed for that reason.

We reject Parsons's assertion that the claims for breach of contracts 41655 and 46045 asserted in the eleventh cause of action were included in the sixth cause of action. It argues the eleventh cause of action's allegations regarding contracts 41655 and 46045 merely clarified the sixth cause of action's allegations. But as we have explained, contracts 41655 and 46045 were separate and distinct contracts from those of the sixth cause of action and were breached in a different manner. The eleventh cause of action did not clarify preexisting allegations; it alleged new claims not relating back to earlier, timely-asserted claims.

**DISPOSITION**

The trial court's order granting the right to attach order is reversed, and the trial court is directed to discharge the writ of attachment. Duarte is awarded its costs on appeal.


SNAUFFER, J.

WE CONCUR:


LEVY, Acting P. J.


PEÑA, J.

14.